1  **SCHIFFRIN BARROWAY**
   **TOPAZ & KESSLER, LLP**
2  Alan R. Plutzik, Of Counsel (Bar No. 077785)
   L. Timothy Fisher, Of Counsel (Bar No. 191626)
3  2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94589
4  Telephone: (925) 945-0770
   Facsimile: (925) 945-8792
5          -and-
6  Eric L. Zagar
   Robin Winchester
7  Nichole Browning
   J. Daniel Albert
8  280 King of Prussia Road
   Radnor, PA 19087
9  Telephone: (610) 667-7706
   Facsimile: (610) 667-7056
10
11
                **UNITED STATES DISTRICT COURT**
12
                **NORTHERN DISTRICT OF CALIFORNIA**
13
                  **SAN FRANCISCO DIVISION**
14

15  RALPH WILDER, Derivatively on        )
    Behalf of SONIC SOLUTIONS, INC.      )    Case No.  C 07-cv-1500-MEJ
16                                        )
17                      Plaintiff,        )
                                          )    **NOTICE OF MOTION AND**
18               v.                       )    **MOTION TO CONSOLIDATE**
                                          )    **RELATED ACTIONS, APPOINT**
19  ROBERT J. DORIS, MARY C. SAUER,       )    **LEAD PLAINTIFF AND**
    JAMES A. MOORER, MICHAEL C.           )    **AND LEAD COUNSEL**
20  CHILD, ROBERT M. GREBER, PETER J.     )
    MARGUGLIO, R. WARREN LANGLEY,         )
21  A. CLAY LEIGHTON, KIRK PAULSEN,       )
22  MICHAEL J. COSTELLO and               )    Date:  June 21, 2007
    CHRISTOPHER A. KRYZAN,                )    Time:  10:00 a.m.
23                                        )    Courtroom:  B
24               and                      )    Judge:  Honorable Maria-Elena James
                                          )
25  SONIC SOLUTIONS, INC.                 )
                                          )
26                      Nominal Defendant. )
27  _____  )
28
    NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT
    LEAD PLAINTIFF AND LEAD COUNSEL                                          1
    Case No.  C 07-cv-1500-MEJ

1    *To be consolidated with:*

2    ANDREW WALTER, Derivatively on          )
3    Behalf of Nominal Defendant SONIC       )          Case No.  C 07-cv-2344-CW
     SOLUTIONS, INC.                         )
4                            Plaintiff,      )
                                             )
5                    v.                      )
6    ROBERT J. DORIS, MARY C. SAUER,         )
     JAMES A. MOORER, MICHAEL C.             )
7    CHILD, ROBERT M. GREBER, PETER J.       )
     MARGUGLIO, R. WARREN LANGLEY,           )
8    A. CLAY LEIGHTON, KIRK PAULSEN,         )
9    MICHAEL J. COSTELLO and                 )
     CHRISTOPHER A. KRYZAN,                  )
10                                           )
             and                            )
11                                          )
12   SONIC SOLUTIONS, INC.                   )
                                             )
13                     Nominal Defendant.    )
14   _____)

15

16   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

17           **PLEASE TAKE NOTICE THAT** on June 21, 2007, at 10:00 a.m. or as soon thereafter

18   as the matter can be heard by the Honorable Maria-Elena James, United States Magistrate Judge,

19   450 Golden Gate Ave., Courtroom B, 15th Floor, San Francisco, CA 94102, Derivative Plaintiff

20   Andrew Walter ("Mr. Walter") will, and hereby does, move this court for an order to (i)

21   consolidate related actions; (ii) appoint Mr. Walter as Lead Plaintiff; and (iii) appoint Mr.

22   / / / / /

23   / / / / /

24   / / / / /

25   / / / / /

26   / / / / /

27

28   NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT
     LEAD PLAINTIFF AND LEAD COUNSEL                                                    2
     Case No.  C 07-cv-1500-MEJ

1  Walter's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead

2  Counsel.

3  Dated:  May 10, 2007

4                                 **SCHIFFRIN BARROWAY**
                                   **TOPAZ & KESSLER, LLP**
5

6

7                                 _____/s/ Alan R. Plutzik_____
                                   Alan R. Plutzik, Of Counsel (Bar No. 077785)
8                                  L. Timothy Fisher, Of Counsel (Bar No. 191626)
9                                  2125 Oak Grove Road, Suite 120
                                   Walnut Creek, California 94598
10                                 Telephone:  (925) 945-0770
                                   Facsimile: (925) 945-8792
11

12                                 -and-

13                                 Eric L. Zagar
                                   Robin Winchester
14                                 Nichole Browning
                                   J. Daniel Albert
15                                 280 King of Prussia Road
16                                 Radnor, PA 19087
                                   Telephone: (610) 667-7706
17                                 Facsimile: (610) 667-7056

18                                 *Counsel for Proposed Lead Plaintiff*
19                                 *Andrew Walter and Proposed Lead Counsel*

20

21

22

23

24

25

26

27

28
   _____
   NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT                 3
   LEAD PLAINTIFF AND LEAD COUNSEL
   Case No.  C 07-cv-1500-MEJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Proposed Derivative Lead Plaintiff, Andrew Walter ("Mr. Walter") submits this motion to (i) consolidate related actions; (ii) appoint Mr. Walter as Lead Plaintiff; and (iii) appoint Mr. Walter's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel.

## II.    BACKGROUND AND PROCEDURAL HISTORY

This is a shareholders derivative action brought on behalf of Nominal Defendant Sonic Solutions ("Sonic" or the "Company") against certain members of its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties, unjust enrichment, statutory violations, and other violations of law.  For at least nine years, Sonic's directors, along with its top executive officers, engaged in a secret scheme to grant undisclosed, "in the money" stock options to themselves and others by backdating stock option grants to coincide with low closing stock prices.  In fact, in a distinctive pattern, for nine consecutive years, from 1995 to 2003, the defendants backdated stock option grants.  Moreover, twelve out of the Company's fifteen stock option grants (80%) from 1995 to 2003 were backdated, all of which were granted to top Sonic executives.  By engaging in this scheme, the defendants were able to conceal that Sonic was not recording material compensation expenses and was materially overstating the Company's net income or materially understating its net loss from at least 1995 to 2003.  Moreover, by granting stock options such that they carried a strike price lower than the closing price of the stock on the date of grant, certain defendants profited immediately upon the award of the stock options without doing anything to improve the Company's business or financial condition.  By contrast, Sonic has suffered, and will continue to suffer, significant financial and non-monetary damages and injuries.

According to the Company's proxy statements, defendants had the responsibility "to determine the most effective total executive compensation strategy, based upon Sonic's business needs and consistent with the shareholders' interests, to administer Sonic's executive

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
Case No. C 07-cv-1500-MEJ

1

1   compensation plans, programs and policies, to monitor corporate performance and its

2   relationship to compensation of executive officers, and to take other appropriate actions

3   concerning matters of executive compensation." Defendants knowingly and deliberately violated

4   the terms of the Company's shareholder approved stock option plans, APB 25 and Section

5   162(m) by knowingly and deliberately backdating grants of stock options to make it appear as

6   though the grants were made on dates when the market price of Sonic stock was lower than the

7   market price on the actual grant dates, thereby benefiting the recipients of the backdated stock

8   options.  Several examples of defendants' improperly granted stock options are shown in the

9   charts below:

10

11

12

13   

14

15

16

17

18

19

20

21

22

23   

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL
Case No.  C 07-cv-1500-MEJ

2

1
2
3
4
5
6
7
8
9



07/12/01: SNIC stock options granted at $1.12

10

11    Each and every one of the aforementioned stock option grants was purportedly dated just

12  after a significant decline, before a significant increase and/or at a particularly low closing price.

13  The reason for the distinctive pattern set forth in the preceding paragraphs is that the purported

14  grant dates set forth therein were not the actual dates on which the stock option grants were

15  made.  Indeed, twelve out of fifteen discretionary grants from November 1995 to March 2003

16  fall squarely within this pattern.  The Board members knowingly and deliberately backdated the

17  stock option grants to make it appear as though the grants were made on dates when the market

18  price of Sonic stock was lower than the market price on the actual grant dates, thereby unduly

19  benefiting certain defendants who received backdated stock option grants.  This improper

20  scheme, which violated the terms of the Company's shareholder approved stock option plans,

21  resulted in stock option grants with lower exercise prices, which improperly increased the value

22  of the stock options and improperly reduced the amounts the certain defendants had to pay to the

23  Company upon the exercise of the stock options.  As a result of the Individual Defendants'

24  egregious misconduct Sonic has sustained significant damages and the recipients of the

25  backdated stock options have garnered unlawful proceeds.

26  **III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

27    The Proposed Derivative Lead Plaintiff requests that the following actions (hereafter,

28

collectively referred to as "the Related Derivative Actions") be consolidated:

| Case Name | Case No. | Filing Date |
|-----------|----------|-------------|
| *Ralph D. Wilder v. Robert J. Doris, et. al.*[1] | C07-cv-1500-MEJ | March 15, 2007 |
| *Andrew Walter v. Robert J. Doris, et. al.,* | C07-cv-2344-CW | April 30, 2007 |

The consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). *See also Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009 at *7 (N.D. Cal. 2003) ("Rule 42(a) empowers the court to consolidate "actions involving a common question of law or fact"). This Court has broad discretion under this rule to consolidate cases pending within the District. *Abate v. Lewis*, 1996 U.S. App. LEXIS 639, at *16 (9th Cir. 1996) (citations omitted).

Here, consolidation of the Related Derivative Actions is warranted as both of these actions are dependant on proof of the same facts; specifically, whether Sonic's Board of Directors improperly authorized the backdating of stock options awarded to top company executives. Since the Related Derivative Actions currently pending before this Court present virtually identical factual and legal issues, involve the exact same Defendants, and will involve the same discovery, consolidation is appropriate. *See, Rendon v. City Of Fresno*, 2006 U.S. Dist. LEXIS 41140, at * 17 (E.D. Cal. June 2, 2006) (two civil rights cases alleging police use of excessive force were consolidated even though there would be different factual issues at trial); *See also Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, at *7 (N.D. Ga. Oct. 1, 2004) (consolidating derivative actions where the same defendants were alleged to have committed the

---

[1] On April 27, 2007, Ralph Wilder and Defendants entered into a stipulation to appoint lead plaintiff, appoint lead counsel and set a scheduling order (Case No. 07-cv-1500-MEJ, DI # 4), before the *Walter* Action was filed.

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
Case No. C 07-cv-1500-MEJ

4

same acts and caused the same damage to the same company during the same time period).

Indeed, if not consolidated, the ensuing separate derivative actions will result in virtually

identical discovery requests, motions practice, and the like, and will thus cause an unnecessary

drain on judicial resources.

Moreover, Defendants will suffer no prejudice by litigating one consolidated action rather

than two separate suits. Indeed, consolidation would ensure that this litigation, brought for the

benefit of the Company, is disposed of in the most cost-effective manner for the Company. *See*

*Id.* (consolidation of derivative actions is particularly appropriate because the "cost of defending

these multiple actions may well do serious harm to the very corporation in whose interest they

are supposedly brought"). Consolidation would therefore inure to the benefit of all parties

involved.

## IV.    MR. WALTER SHOULD BE APPOINTED AS LEAD PLAINTIFF

As the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541

(1949), a plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary

character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands,

dependent upon his diligence, wisdom and integrity." *Id.* Additionally, Rule 23.1 of the Federal

Rules of Civil Procedure provides that a plaintiff must fairly and adequately represent the

interests of the shareholders in enforcing the rights of the corporation. Thus, when considering

the appointment of lead plaintiffs in shareholder derivative actions, courts look to which

shareholders will adequately serve the interests of the derivative plaintiffs and the nominal

defendant. *See In re Chordiant Derivative Litigation*, Master File No. C 06-04671 JW (Nov. 27,

2006 N.D. Ca.) (Order) (appointing lead plaintiff and Schiffrin Barroway Topaz & Kessler, LLP

as lead counsel in derivative litigation and citing Rule 23.1 as a guideline to use when appointing

lead plaintiff in a derivative action)[2]; *see also Millman*, 2004 U.S. Dist. LEXIS 20113, at *8;

*Dollens v. Zionts* 2001 U.S. Dist. LEXIS 19966, at *5 (N.D. Ill. Dec. 4, 2001) ("courts should

---

[2] Attached hereto as Exhibit A to the Declaration of Robin Winchester in Support of Motion to Consolidate Related Cases, Appoint Lead Plaintiff, and Lead Counsel ("Winchester Decl.").

1  appoint a derivative plaintiff that's likely to benefit the plaintiffs the most").

2      Mr. Walter clearly satisfies these criteria, as he has been a long-term holder and currently

3  maintains shares of Sonic stock. Further, Mr. Walter has retained competent and experienced

4  counsel as proposed Lead Counsel, the law firm of Schiffrin Barroway. Therefore, for all of the

5  foregoing reasons, Mr. Walter should be appointed as Lead Plaintiff and his counsel, Schiffrin

6  Barroway, should be appointed as Lead Counsel.

7  **V.    THE COURT SHOULD APPOINT LEAD COUNSEL**

8      **A.    Appointment of Lead Counsel is Necessary to Effectively
           Prosecute the Consolidated Action**

9

10      A court which has consolidated actions may at its discretion, appoint Lead Counsel to

11  prosecute the consolidated cases. Charles Alan Wright and Arthur R. Miller, Federal Practice

12  and Procedure § 2385 (2d ed. 1987) cited in Walker v. Deutsche Bank, AG, 2005 U.S. Dist.

13  LEXIS 19776, at * 8 (S.D.N.Y. Sept. 6, 2005). MacAlister v. Guterma, 263 F.2d 65 (2d Cir.

14  1958) is the seminal case on this point. In that case, the court recognized that "[t]he benefits

15  achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication

16  and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom

17  motions and discovery proceedings will be channeled, will most certainly redound to the benefit

18  of all parties to the litigation." Id. at 69.

19      The Ninth Circuit has explicitly endorsed this reasoning. See Vincent v. Hughes Air

20  West, Inc., 557 F.2d 759, 774-75 (9th Cir. 1977) (affirming district court's appointment of Lead

21  Counsel, stating that "[t]he authority recognized in MacAlister has never been seriously

22  disputed"). Moreover, the Manual for Complex Litigation recognizes the benefits of appointing

23  Lead Counsel in complex, multiparty litigation:

24      Complex litigation often involves numerous parties with common or similar
       interests but separate counsel. Traditional procedures in which all papers and
25     documents are served on all attorneys, and each attorney files motions, presents
       arguments, and examines witnesses, may waste time and money, confuse and
26     misdirect the litigation, and burden the court unnecessarily. Instituting special
       procedures for coordination of counsel early in the litigation will help to avoid
27     these problems.

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL
Case No. C 07-cv-1500-MEJ

6

Manual for Complex Litigation (Fourth) §10.22 (2004).

#### 1.    **Schiffrin Barroway Should be Appointed as Lead Counsel**

In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of the plaintiffs." Millman, 2004 U.S. Dist. LEXIS 20113, at * 9. The criteria for selecting counsel include factors such as "experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged." Id. (citations omitted). In addition, courts have also considered the quality of the pleadings that have been filed as a factor to be weighed. Millman, 2004 U.S. Dist. LEXIS 20113, at * 9. Each of these factors weighs in favor of appointing Schiffrin Barroway as Lead Counsel.

#### a.    **Schiffrin Barroway's Experience and Prior Success is Unassailable**

Schiffrin Barroway is a Martindale Hubbell "AV" rated law firm which has focused its practice in the securities fraud class action and shareholder derivative areas over the past 20 years. See Schiffrin Barroway Firm Biography.[3] With more than 60 attorneys specializing in complex shareholder litigation, Schiffrin Barroway has served as Lead or Co-Lead Counsel in numerous securities and complex litigation matters, including serving as Lead or Co-Lead Counsel in more than 150 shareholder derivative actions in state and federal courts across the country. In addition to the significant recoveries that Schiffrin Barroway has achieved on behalf of shareholders in securities fraud cases, they have had similar success in shareholder derivative litigation.

As Lead Counsel in Klotz v. Parfet, et al., Case No. 03-06483-CK (Jackson County, MI 2001), Schiffrin Barroway achieved a settlement in which CMS Energy Corporation recovered a cash payment of $12 million from its directors' and officers' liability insurance and instituted a comprehensive overhaul of the Company's corporate governance program. Among other things, CMS:

- added five new independent directors, reconstituted the committees of the

[3] Attached hereto as Exhibit B to Winchester Decl.

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
Case No. C 07-cv-1500-MEJ

7

board of directors, and separated the roles of Chairman and CEO;

- created the position of Chief Compliance Officer to oversee and administer the Company's ethics and corporate compliance program;

- enhanced the responsibilities and procedures of the Audit Committee;

- adopted an enhanced insider trading policy and stock ownership guidelines for officers and directors; and

- reformed the Company's executive compensation practices by eliminating the use of stock options and instituting new performance criteria for cash bonuses.

As Lead Counsel in In re Fairchild Corp. Shareholder Derivative Litigation, Consol. C.A. No. 871-N (Del. Ch. 2004), Schiffrin Barroway recovered a cash payment of $3.76 million from Fairchild's Chairman/CEO and the Company's directors' and officers' liability insurance and instituted a broad array of corporate governance enhancements. Among other things, Fairchild:

- added two new independent directors and adopted policies increasing the responsibilities of the independent members of the board;

- created a new Oversight Committee to oversee and pre-approve related-party transactions; and

- reformed the Company's executive compensation practices by requiring that regular and bonus compensation be directly related to the Company's performance and prohibiting senior executives from receiving non-compete and consulting payments.

These are but a few examples of many in which Schiffrin Barroway, serving in a Lead Counsel capacity, achieved outstanding results for shareholders in complex derivative shareholder litigation.

        **b.**    **Schiffrin Barroway Has Been a Pioneer In Prosecuting Options Backdating Cases**

By way of further example of Schiffrin Barroway's commitment to vigorously serving the interests of shareholders, the firm has been at the forefront of litigation concerning the alleged backdating of stock options and is currently serving as lead counsel in numerous California-based backdating cases as well as the Comverse derivative litigation in New York state court, widely regarded as one of the most prominent derivative litigations stemming from alleged backdating by corporate insiders.[4]

---

[4] *See e.g. In re Actel Derivative Litigation*, Master File No. C 06-06832 JW (N.D. Cal. Jan. 10, 2007) (same) (attached as Exhibit C to Winchester Decl.); *In re Network Appliance Derivative Litigation.*, Master File No. C 06-

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
Case No. C 07-cv-1500-MEJ

8

1    Thus, in addition to establishing a proven track record of success in shareholder

2    derivative actions generally, Schiffrin Barroway has also led the way in shareholder derivative

3    actions alleging the exact conduct that Plaintiffs allege in the instant actions. This breadth of

4    success should weigh heavily in favor of appointing Schiffrin Barroway as Lead Counsel.

5    See Manual for Complex Litigation (Fourth) §10.224 (2004) (the court's responsibilities in

6    appointing Lead Counsel include an assessment of counsel's qualifications, experience,

7    competence, and commitment to prosecuting action on behalf of plaintiffs).

8    **VI.    CONCLUSION**

9    For the reasons set forth above, the Court should grant this Motion and (i) consolidate the

10   above-captioned related shareholder derivative actions; (ii) appoint Mr. Walter as Lead Plaintiff;

11   and (iii) appoint Mr. Walter's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin

12   Barroway"), as Lead Counsel.

13   Dated: May 10, 2007

14                                          Respectfully Submitted,
                                            **SCHIFFRIN BARROWAY**
15                                          **TOPAZ & KESSLER, LLP**

16                                          _____/s/ Alan R. Plutzik_____

17                                          Alan R. Plutzik, Of Counsel (Bar No. 077785)
                                            L. Timothy Fisher, Of Counsel (Bar No. 191626)
18                                          2125 Oak Grove Road, Suite 120
                                            Walnut Creek, California 94598
19                                          Telephone: (925) 945-0770
                                            Facsimile: (925) 945-8792
20

21                                          -and-

22
                                            Eric L. Zagar
23                                          Robin Winchester
                                            Nichole Browning
24

25   06486 JW (N.D. Cal. Jan. 10, 2007)(same) (attached as Exhibit D to Winchester Decl.); *In re Integrated Silicon*
     *Solution, Inc. Shareholder Derivative Litigation,* Master File No. C-06-04387 RMW (N.D. Cal. Aug. 22, 2006)
26   (same) (attached as Exhibit E to Winchester Decl.); *In re Linear Technology Corporation Derivative Litigation,*
     Master File No. C-06-3290 MMC (N.D. Cal. June 13, 2006) (same) (attached as Exhibit F to Winchester Decl.); *In*
27   *re Sigma Designs, Inc. Derivative Litigation,* Master File No. C-06-04460 RMW (N.D. Cal. Nov. 16, 2006) (same)
     (attached as Exhibit G to Winchester Decl.); *Qualco v. Balakrishnan, et al.,* Master File No. C-06-2811 MHP (N.D.
28   Cal. Jan. 9, 2007) (same) (attached as Exhibit H to Winchester Decl.).

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL                                                                    9
Case No. C 07-cv-1500-MEJ

1

J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

2

3

4

*Counsel for Proposed Lead Plaintiff*
*Andrew Walter and Proposed Lead Counsel*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL
Case No.  C 07-cv-1500-MEJ

1