SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94589
Telephone: (925) 945-0770
Facsimile: (925) 945-8792
        -and-
Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RALPH D. WILDER, Derivatively on Behalf of SONIC SOLUTIONS, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. DORIS, DAVID C. HABIGER, MARY C. SAUER, A. CLAY LEIGHTON, MARK ELY, ROBERT M. GERBER, PETER J. MARGUGLIO, R. WARREN and R. WARREN LANGLEY, <br><br> Defendant, <br> and <br><br> SONIC SOLUTIONS, <br><br> Nominal Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. C 07-cv-1500-MEJ

**DECLARATION OF ROBIN WINCHESTER IN SUPPORT OF MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

Date: June 21, 2007
Time: 10:00 a.m.
Courtroom: B
Judge: Honorable Maria-Elena James

*To be consolidated with:*

DECLARATION OF ROBIN WINCHESTER IN SUPPORT OF MOTION TO CONSOLIDATE
RELATED CASES, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. C 07-CV-1500-MEJ
684903.1

1

| | |
|---|---|
| ANDREW WALTER, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS, | ) Case No. C 07-cv-2344-CW )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| SONIC SOLUTIONS, | )<br>) |
| Nominal Defendant. | )<br>) |

I, Robin Winchester, declare under penalty of perjury this 10th day of May, 2007:

1.    I am an Associate at the law firm of Schiffrin Barroway Topaz & Kessler, LLP.  The following facts are true to my own personal knowledge and, if called upon to do so, I could and would completely testify to their truth.  I submit this Declaration in Support of the Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Lead Counsel.

2.    Attached hereto as Exhibit A is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Chordiant Derivative Litigation,* Master File No. C 06-04671 JW (N.D. Cal. Nov. 27, 2006).

3.    Attached hereto as Exhibit B is a true and correct copy of the firm biography for Schiffrin Barroway Topaz & Kessler, LLP, the firm seeking the Court's approval to be appointed as Lead Counsel.

DECLARATION OF ROBIN WINCHESTER IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. C 07-CV-1500-MEJ
684903.1

2

4.      Attached hereto as Exhibit C is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Actel Derivative Litigation*, Master File No. C-06-06832 JW (N.D. Cal. Jan. 10, 2007).

5.      Attached hereto as Exhibit D is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Network Appliance Derivative Litigation.*, Master File No. C-06-06486 JW (N.D. Cal. Jan. 10, 2007).

6.      Attached hereto as Exhibit E is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Integrated Silicon Solution, Inc. Shareholder Derivative Litigation*, Master File No. C-06-04387 RMW (N.D. Cal. Aug. 22, 2006).

7.      Attached hereto as Exhibit F is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Linear Technology Corporation Derivative Litigation*, Master File No. C-06-3290 MMC (N.D. Cal. June 13, 2006).

8.      Attached hereto as Exhibit G is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *In re Sigma Designs, Inc. Derivative Litigation*, Master File No. C-06-04460 RMW (N.D. Cal. Nov. 17, 2006).

9.      Attached hereto as Exhibit H is a true and correct copy of the order appointing Lead Plaintiff and Lead Counsel in *Qualco v. Balakrishnan, et al.*, Master File No. C-06-2811 MHP (N.D. Cal. Jan. 9, 2007).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that this Declaration was executed on May 10, 2007, at Radnor, Pennsylvania.


/s Robin Winchester
ROBIN WINCHESTER

# EXHIBIT A

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10  Jesse Brown, derivatively on behalf of          NO. C 06-04671 JW
    Nominal Defendant Chordiant Software,
11  Inc.,                                            **ORDER GRANTING MOTION TO**
                                                     **CONSOLIDATE CASES AND APPOINT**
12              Plaintiff,                           **LEAD PLAINTIFFS, LEAD COUNSEL,**
    v.                                               **AND LIAISON COUNSEL**
13
    Stephen Kelly, et al.,
14
                Defendants
15
        and,
16
    Chordiant Software, Inc.,
17
                Nominal Defendant.
18  _____/

19                    **I. INTRODUCTION**

20       There are currently two shareholders' derivative actions (the "Derivative Cases") on behalf

21  of nominal defendant Chordiant Software, Inc. ("Chordiant") pending before the Court.[1]  Presently

22  before the Court is Plaintiffs Jesse Brown and Louis Suba's Motion to Consolidate Related Cases,

23  Appoint Lead Plaintiff and Lead Counsel, and Set Briefing Schedule.  (hereafter "Motion," Docket

24  Item No. 16.)  The Court found the matter appropriate for submission on the papers.  See Civ. L.R.

25  7-1(b).  Based on the papers filed to date, the Court ORDERS (1) the Derivative Cases consolidated;

26

27  _____

28       [1] The Derivative Cases are: Jesse Brown v. Stephen Kelly, et al., C 06-04671 (filed Aug. 1,
    2006), and Louis Suba v. Stephen Kelly, et al., C 06-05603 (filed Sept. 13, 2006).

*United States District Court*
*For the Northern District of California*

1  (2) Jesse Brown and Louis Suba appointed Lead Plaintiffs; (3) Schiffrin & Barroway LLP appointed

2  Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Liaison Counsel.

3                                          **II. BACKGROUND**

4         On August 1, 2006, Jesse Brown ("Brown") filed the first shareholders' derivative complaint

5  on behalf of Chordiant alleging that certain of the company's officers and directors wrongfully

6  diverted millions of dollars to themselves through a stock option backdating scheme.  On September

7  13, 2006, Louis Suba ("Suba") also filed a derivative action on behalf of Chordiant alleging the

8  same type of misconduct and harm.  The Court declined to relate the Derivative Cases because both

9  actions were already pending before the Court.  (See Order Re: Administrative Motion to Consider

10  Whether Cases Should Be Related, Docket Item No. 15.)  On October 23, 2006, Brown and Suba

11  filed a motion to consolidate the Related Derivative Actions and to appoint themselves as lead

12  plaintiffs, Schiffrin & Barroway LLP ("Schiffrin") as lead counsel, and Bramson, Plutzik, Mahler &

13  Birkhaeuser LLP ("Bramson") as liaison counsel.  To date, the Court is unaware of any opposition

14  to the Motion.

15                                          **III. DISCUSSION**

16  **A.    Consolidation of the Derivative Cases**

17         A district court has broad discretion to consolidate actions involving "common issues of law

18  or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

19  F.2d 777, 777 (9th Cir. 1989).  In exercising its broad discretion to order consolidation, a district

20  court "weighs the saving of time and effort consolidation would produce against any inconvenience,

21  delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

22         Having reviewed the Complaints filed in the Derivative Cases, the Court finds that the two

23  cases involve virtually identical factual and legal issues.  The core issue of both cases is whether

24  executives at Chordiant breached their fiduciary duties when they backdated stock options that were

25  granted to them between 2000 and 2002.  Given these similarities and the lack of any apparent

26  inconvenience, delay, or expense that would result from bringing the cases together, the Court finds

27  that consolidation of the Derivative Cases is appropriate.

28                                                    2

*United States District Court*
*For the Northern District of California*

**B.    Appointment of Lead Plaintiffs**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

The Complaints filed in the Derivative Cases allege that all relevant times Brown and Suba were shareholders of Chordiant. These Brown and Suba have also retained competent and experienced counsel and do not appear to be subject to any unique defenses. The Court does not find any reason not to establish the proposed leadership structure. Accordingly, appointment of Brown and Suba as Lead Plaintiffs is appropriate.

**C.    Appointment of Lead Counsel and Liaison Counsel**

Brown and Suba have agreed that Schiffrin should be appointed as lead counsel and that Bramson should be appointed as liaison counsel. Given these firms' experience with similar shareholder actions, the Court finds it appropriate to appoint Schiffrin as Lead Counsel and Bramson as Liaison Counsel.

## IV.  CONCLUSION

The Court ORDERS (1) the Derivative Cases consolidated; (2) Jesse Brown and Louis Suba appointed Lead Plaintiffs; (3) Schiffrin & Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Liaison Counsel.

3

1   　The Clerk shall consolidate these actions such that the earlier filed action, C 06-04671 JW, is

2   the lead case. All future filings shall be filed in C 06-04671 JW and bear the caption: "In Re

3   Chordiant Derivative Litigation."

4   　A hearing on Defendants' anticipated motion to dismiss is set for **May 7, 2007 at 9:00 a.m.**

5   If Defendants do not file a motion to dismiss, the Court will conduct a further case management

6   conference on this date at the 10 a.m. calendar.

7   　Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all

8   discovery STAYED pending Defendants' anticipated motion to dismiss. See In re Altera Corp.

9   Derivative Litigation, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

10

11  Dated: November 27, 2006

12  　　　　　　　　　　　　　　　　　　　JAMES WARE
　　　　　　　　　　　　　　　　　　　United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Alan R. Plutzik aplutzik@bramsonplutzik.com
    Christopher J. Sundermeier Sundermeierc@Cooley.com
3   Eric L. Zagar ezagar@sbclasslaw.com
    Kathryn A. Schofield kschofield@bramsonplutzik.com
4   L. Timothy Fisher ltfisher@bramsonplutzik.com
    Laura R. Smith smithlr@cooley.com
5

6

7   Dated: November 27, 2006                    Richard W. Wieking, Clerk

8
                                                By:   /s/ JW Chambers
9                                                     Elizabeth Garcia
                                                      Courtroom Deputy
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

# FIRM PROFILE



SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
Attorneys at Law

**PENNSYLVANIA OFFICE**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667.7706
Facsimile: (610) 667.7056

**CALIFORNIA OFFICE**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945.0770
Facsimile: (925) 945.8792

Schiffrin Barroway Topaz & Kessler, LLP, specializes in representing shareholders and consumers in complex class action litigation in state and federal courts throughout the United States. Since our inception, SBTK has recovered billions of dollars on behalf of defrauded shareholders and aggrieved consumers. The firm is led by its senior partners, Richard S. Schiffrin, Andrew L. Barroway, Marc A. Topaz, and David Kessler, with assistance from partners Stuart L. Berman, Katharine M. Ryan, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, Darren J. Check, Tobias L. Millrood, Andrew L. Zivitz, Sean M. Handler, John A. Kehoe, Lee D. Rudy, Kay E. Sickles, Eric L. Zagar and numerous experienced associates and staff.

SBTK focuses on the prosecution of securities fraud actions and derivative and transactional litigation brought against public companies, their officers and directors, and their auditors and investment banking firms. In addition, SBTK represents employees in ERISA/401 K actions, as well as individuals and institutions in consumer litigation, product liability and antitrust actions.

Throughout our history, SBTK has represented various private institutional investors, including public and Taft-Hartley pension funds, hedge funds, mutual fund managers, investment advisors, and insurance companies, as well as thousands of individual investors in securities fraud class actions. Currently, SBTK is serving as Lead or Co-Lead Counsel in several high profile securities class actions against companies such as Tyco, Delphi Corp., Tenet Healthcare, Sprint Corp. and PNC Bank.

# Noteworthy Achievements

During the firm's successful history, SBTK has recovered billions of dollars for defrauded stockholders and consumers. The following are among the firm's notable achievements:

### *In re Tenet Healthcare Corp. Securities Litigation,*
### *No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002):*
SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a partial settlement has been reached in the amount of $216.5 million in cash which will be submitted for preliminary approval by the Court in the coming weeks. The Partial Settlement is being funded primarily by Tenet and its insurance carriers ($215 million), with personal contributions in the aggregate amount of $1.5 million being made by two of Tenet's former officers, Jeffrey Barbakow and Thomas Mackey. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case will continue against KPMG as the Court denied KPMG's motion to dismiss the action in its entirety in December, 2005.

### *In re AremisSoft Corp. Securities Litigation,*
### *C.A. No. 01-CV-2486 (D.N.J. 2002):*
SBTK is particularly proud of the results recently achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, who are now fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was recently approved, calls for the class to receive the majority of the equity in the new Company, as well as their pro rata share of any amounts recovered by the litigation trust. The Court-appointed cotrustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, have retained SBTK to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man, and have successfully frozen more than $200 million of stolen funds from one of the fugitives, and are in the process of attempting to recover the money on behalf of the trust. In addition, we are continuing to litigate the trust's claims against the remaining fugitive.

### *In re The Interpublic Group of Companies Securities Litigation,*
### *No. 02 Civ. 6527 (S.D.N.Y. 2002):*
SBTK served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock with expected distribution by early summer 2005. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of

approximately $107 million. In granting its approval, the Court praised SBTK for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

### *In re Digital Lightwave, Inc. Securities Litigation,*
### *Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*
The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. SBTK took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. We believe that this represents the largest percentage recovery for shareholders in securities class action history.

### *In re Initial Public Offering Securities Litigation,*
### *Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*
SBTK holds a prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, SBTK was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the Court has preliminarily approved a $1 billion settlement with the insurers and their officers and directors. The case is proceeding against the underwriting defendants.

### *In re Global Crossing, Ltd. ERISA Litigation,*
### *No. 02 Civ. 7453 (S.D.N.Y. 2004):*
SBTK served as Co-Lead Counsel in this complex and high-profile action which alleged that certain directors and officers of Global Crossing, a former high-flier of the late 1990's tech stock boom, breached their fiduciary duties under the Employee retirement Income Security Act of 1974 to certain company-provided 401(k) plans and their participants. These breaches surrounded the plans' alleged imprudent investment in Global Crossing stock during a time when defendants knew, or should have known, that the company was facing imminent bankruptcy. A settlement of plaintiffs' claims restoring $79 million to the Plans and their participants was approved in November 2004. At the time, this represented the largest recovery received in a company stock ERISA class action.

*In re Honeywell International ERISA Litigation,*
*No. 03-1214 (DRD) (D.N.J. 2004):*
SBTK is serving as Lead Counsel in a breach of fiduciary duty case under ERISA against Honeywell International, Inc. and certain fiduciaries of Honeywell pension plans. The suit alleges that Honeywell and the individual fiduciary defendants, allowed Honeywell's 401(k) plans and their participants to imprudently invest significant assets in company stock, despite that defendants knew, or should have known, that Honeywell's stock was an imprudent investment due to undisclosed, wide-ranging problems stemming from a consummated merger with Allied Signal and a failed merger with General Electric. A settlement f plaintiffs' claims, which includes a $14 million payment to the plans and their affected participants, and significant structural relief affording participants much greater leeway in diversifying their retirement savings portfolios, is currently pending court approval.

*In re Remeron Antitrust Litigation,*
*No. 02-CV-2007 (D.N.J. 2004):*
SBTK is Co-Lead Counsel in an action challenging Organon, Inc.'s filing of certain patents and patent infringement lawsuits as an abuse of the Hatch-Waxman Act, and an effort to unlawfully extend their monopoly in the market for Remeron. Specifically, the lawsuit alleges that defendants violated state and federal antitrust laws in their efforts to keep competing products from entering the market, and seeks damages sustained by consumers and third-party payors. After lengthy litigation, including numerous motions and over 50 depositions, the matter settled for $36 million. The settlement is pending final approval by the court.

*Henry v. Sears, et al.,*
*Case No. 98 C 4110 (N.D. Ill. 1999):*
The firm served as Co-Lead Counsel for one of the largest consumer class actions in history, consisting of approximately 11 million Sears credit card holders whose interest rates were improperly increased in connection with the transfer of the credit card accounts to a national bank. SBTK successfully negotiated a settlement representing approximately 66% of all class members' damages, thereby providing a total benefit exceeding $156 million. All $156 million was distributed automatically to the Class members, without the filing of a single proof of claim form. In approving the settlement, the District Court stated: ". . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance."

*Jordan v. State Farm Insurance Company,*
*Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):*
Plaintiffs alleged that State Farm had engaged in fraudulent sales practices known as "churning," and marketing and selling "vanishing premium" policies that do not actually "vanish." After several years of discovery, motion practice and settlement negotiations, SBTK, as Liaison Counsel, successfully resolved the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders.

*In re Liberate Technologies Securities Litigation,*
*No. C-02-5017 (MJJ) (N.D. Cal. 2005):*
Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earnings. As sole Lead Counsel, SBTK successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

*In re InfoSpace, Inc. Securities Litigation,*
*Master File No. C-01-0913-Z (D. Wash. 2001):*
SBTK served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation,*
*Case No. CV-02-3581 (N.D. Cal. 2002):*
SBTK served as sole lead counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five months of mediation, the parties reached a settlement of $18.5 million which has been preliminarily approved by the Court.

*In re Assisted Living Concepts, Inc. Securities Litigation,*
*Lead Case No. 99-167-AA (D. Or. 1999):*
SBTK served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*Wanstrath v. Doctor R. Crants, et al.,*
*No. 99-1719-111 (Tenn. Chan. Ct., 20th Judicial District, 1999):*
SBTK served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved,

and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

***In re Cumulus Media Inc. Securities Litigation,***
***Lead Case No. 00-C-391 E.D. Wis. 2000):***
SBTK served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

# PARTNERS

**RICHARD S. SCHIFFRIN,** founding partner of the firm, is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars, including the Annual Institute on Securities Regulation, NERA: Finance, Law & Economics — Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC): Ethical Issues in the Practice of Securities Law.

Most recently, Mr. Schiffrin spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the Public Funds Symposium 2005 in Washington, D.C.; the European Pension Symposium in Florence, Italy; and the *Pennsylvania Public Employees Retirement Summit (PAPERS)* in Harrisburg, Pennsylvania. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases, including most prominently:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re AremisSoft Corp. Securities Litigation, C.A. No. 01-CV-2486 (D.N.J. 2002):*

Schiffrin Barroway Topaz & Kessler is particularly proud of the results achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom remain fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing the Company as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, approved by the court, enabled the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to further assist with prosecuting the actions on behalf of the litigation trust.

After filing an action in the Isle of Man, where the trust successfully froze more than $200 million of stolen funds from one of the fugitives, the trust achieved a settlement of this action for $200 million, which was returned to the United States and paid to the trust. Recently, the trust

commenced another action in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

Thus far, counsel on behalf of the trust and its beneficiaries have achieved settlements with the Company and certain of its directors and officers as well as the Company's auditors, lawyer and underwriters, for a total of more than $250 million. The beneficiaries of the trust have already received in excess of 28% of their recognized losses.

### *Henry v. Sears, et al., Case No. 98 C 4110 (N.D. Ill. 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of the largest class of credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card accounts with outstanding balances resulting from purchases made prior to the accounts being transferred to SNB. Schiffrin Barroway Topaz & Kessler alleged that such conduct violated the Truth-in-Lending Act, the National Banking Act and state consumer fraud statutes. After extensively litigating various aspects of liability, an additional nine months were then spent determining damages. The extraordinary complexity of the damage calculations required Mr. Schiffrin and experts from both parties to develop, test and utilize a novel computer model to ascertain total damages for the class and individualized damages for each class member. Ultimately, Mr. Schiffrin and his partner, Mr. Kessler, were able to negotiate a $156 million settlement, which represented approximately 66% of total damages. In approving the settlement, District Court Judge Leinenwebber of the Northern District of Illinois stated:

> . . . *I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance.*

The entire settlement fund of $156 million was distributed without the filing of a single proof of claim form by any class member.

### *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases

for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

### *Jordan v. State Farm Insurance Company, Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):*

Schiffrin Barroway Topaz & Kessler brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin Barroway Topaz & Kessler also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin has also represented defrauded shareholders and companies in complex class and derivative actions, including the following:

### *Huscher v. Curley, et al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options, and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

**ANDREW L. BARROWAY**, managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues, and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

### *In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had

an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

### *In re Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. Schiffrin Barroway Topaz & Kessler took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. Schiffrin Barroway Topaz & Kessler believes that this represents the largest percentage recovery for shareholders in securities class action history.

Mr. Barroway, along with his partner, Mr. Kessler, has also negotiated substantial settlements of securities class actions in which Schiffrin Barroway Topaz & Kessler was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public pension funds, private investment funds, money management firms, and individuals in securities fraud litigation as Lead or Co-Lead Counsel.

**MARC A. TOPAZ**, a senior partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law, where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Topaz manages the firm's derivative, transactional and antitrust departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

### *In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):*

Schiffrin Barroway Topaz & Kessler served as Co-Counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law, and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

### *In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC (Del. Ch. 1997):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by

disproportionately allocating tax benefits achieved from the restructuring of a limited partnership, and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

### *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

**DAVID KESSLER**, a senior partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Prior to practicing law, Mr. Kessler was a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department. In addition, Mr. Kessler often lectures on securities litigation and was a featured speaker on hot topics in securities litigation in a seminar entitled "The Explosion and Evolution of Class Action Law" in December 2004 in Philadelphia, Pennsylvania, and the Corporate Governance Summit on Corporate Accountability in July 2003 in New York City. Mr. Kessler has achieved the following outstanding results in federal securities cases:

### *In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin Barroway Topaz & Kessler was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the court has preliminarily approved a $1 billion settlement with the issuers and their officers and

directors. The class has also reached an agreement in principle to resolve the action against JP Morgan for $425 million, which is in the process of being memorialized and submitted to the Court for approval. The case is proceeding against the remaining underwriting defendants.

### *In re PNC Financial Services Group, Inc. Litigation, Case No. 02-CV-271 (W.D. Pa. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lease Counsel and was instrumental in opbtaining a $30 million recovery for class members from PNC and the assignment of certain claims it may have had against its audit and other third party law firms and insurance companies, with respect to an alleged fraudulent scheme wherein non-performing assets were removed from PNC's books and transferred to special purpose entities that PNC allegedly still controlled. An additional $6.6 million was recovered from the insurance company and the law firms and an agreement in the principle has now been reached with the audit to resolve all claims for another $9.075 million, providing for a total recovery from the securities litigation of $45.675 million upon approval of the auditor settlement. When coupled with the $156 million restitution fund established through government actions against some of the same defendants and third parties, the total recovery for class members exceeds $200 million.

### *In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D. Or. 1999):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's startup losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

### *In re Cumulus Media Inc. Securities Litigation, Lead Case No. 00-C-391 (E.D. Wis. 2000):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

**KATHARINE M. RYAN,** a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firm's most prominent cases and was integral in the excellent results achieved in the following cases:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re New Power Holdings, Inc. Securities Litigation, No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Company's offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices.

**STUART L. BERMAN**, a partner of the firm, received his law degree from George Washington University National Law Center, and his undergraduate degree from Brandeis University. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman manages the firm's lead plaintiff department and has been instrumental in courts appointing many of the firm's institutional and individual clients as lead plaintiffs in important cases, such as:

*In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462- RSWL (C.D. Cal. 2002),*

*State of New Jersey and its Division of Investment v. Sprint Corporation, et al., No. 2:03-CV-02071-JWL (D. Kan. 2003),*

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003),*

*In re Delphi Corp. Sec. Litig., 1:05-CV-2637 (NRB) (S.D.N.Y. 2005);*

*In re Vaxgen Inc. Securities Litigation, No. C 03-01129 JSW (N.D. Cal. 2003),*

*In re American Business Financial Services, Inc., No. 04- 0265 (E.D. Pa. 2004)*

*In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx) (C.D. Cal. 2004).*

Mr. Berman represents and works with institutional investors worldwide in securities litigation and other related matters. In addition, Mr. Berman is a frequent speaker on securities issues, especially as they relate to institutional investors, and has been a speaker at such events as The European Pension Symposium in Florence, Italy; the Public Funds Symposium 2005 in Washington, D.C.; the Pennsylvania Public Employees Retirement (PAPERS) Summit in Harrisburg, Pennsylvania; and the New England Pension Summit in Newport, Rhode Island; the Rights and Responsibilities for Institutional Investors 2006 in Amsterdam, Netherlands; and the European Investment Roundtable 2006 in Barcelona, Spain. He speaks with institutional investors located around the world regarding their rights and obligations associated with securities fraud class actions and individual actions. Mr. Berman works closely with the firm's institutional investors and counsels them on fulfilling their fiduciary obligations and exercising their rights in all types of securities related actions.

Mr. Berman has specialized in the area of securities litigation for the past nine years. He is particularly proud of the results achieved in In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002), a case on which Mr. Berman and his partner, Richard Schiffrin, have worked extensively. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom are now fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing AremisSoft as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was approved by the Court, called for the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The Court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to continue prosecuting the actions on behalf of the litigation trust. After extensive litigation in the Isle of Man, including the successful freezing of more than $200 million of stolen funds, the trust recently settled its action against one of the principal wrongdoers and recovered approximately $200 million. Thus far, the trust has distributed to beneficiaries of the trust more than 28% of their recognized losses (excluding the value of the equity of the new Company), and is poised to recover even more. Recently, the trust commenced further litigation in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

**GREGORY M. CASTALDO**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

*In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-

fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Liberate Technologies Securities Litigation, No. C-02-5017 (MJJ) (N.D. Cal. 2005):*

Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earning. As sole Lead Counsel, Schiffrin Barroway Topaz & Kessler successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

### *In re Sodexho Marriott Shareholders Litigation,*

Consol. C.A. No. 18640-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

Mr. Castaldo is also presently *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.,* No. 03-2071-JWL (D. Kan. 2003) among other actions.

**MICHAEL K. YARNOFF**, a partner of the firm, received his law degree from Widener University School of Law. Mr. Yarnoff is licensed to practice law in Pennsylvania, New Jersey, and Delaware and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. He serves in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

### *In re CVS Corporation Securities Litigation, C.A. No. 01-11464 JLT (D.Mass.):*

After more than three years of contentious litigation and a series of protracted mediation sessions, Schiffrin Barroway Topaz & Kessler, LLP, serving as co-lead counsel, secured a $110 million recovery for class members in the CVS Securities Litigation. Specifically, the suit alleged that CVS violated accounting practices by delaying discounts on merchandise in an effort to prop up its earnings. In addition, the suit charged that in 2001, the Company and its Chief Executive Officer, Thomas M. Ryan, improperly delayed announcement of its intention to close approximately 200 underperforming stores, and that an industry-wide pharmacist shortage would have a materially negative impact on the Company's performance. Settlement was reached just days prior to the commencement of trial, and shortly after the district court had denied the defendants' motions for summary judgment. This substantial recovery, which represents the third-largest settlement in a securities class action case in the First Circuit, received final approval from District Judge Joseph Tauro on September 27, 2004.

*In re InfoSpace, Inc. Securities Litigation, Master File No. C-01-0913-Z (D. Wash. 2001):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation, Case No. CV-02-3581 (N.D. Cal. 2002):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five-months of mediation, the parties reached a settlement of $18.5 million.

**JOSEPH MELTZER**, a partner of the firm, concentrates his practice in the areas of ERISA and antitrust complex litigation. He is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice before numerous United States District Courts and United States Courts of Appeals, including the United States Court of Appeals for the Third Circuit.

Mr. Meltzer manages the firm's ERISA Litigation Department, which has excelled in the highly specialized area of prosecuting claims on behalf of retirement savings plans. Mr. Meltzer is lead counsel in several pending nationwide class actions brought under ERISA, including *Lewis v. El Paso Corp.* (S.D. Tex.); *In re Sears, Roebuck & Co. ERISA Litigation* (N.D. Ill.); *In re Loral Space ERISA Litigation* (S.D.N.Y.) and *In re Schering-Plough Corp. ERISA Litig.*, where the firm obtained an important ruling from the Third Circuit reversing the District Court's dismissal and confirming the rights of pension plan participants to pursue these claims. *See* 420 F.3d 231, *amended by* No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir., Sept. 15, 2005). He is a frequent lecturer on ERISA litigation and employee benefits issues, is a member of the ABA's Section Committee on Employee Benefits and has been recognized by numerous courts for his ability and expertise in this complex area of the law. Since helping to establish the ERISA Litigation Department, Mr. Meltzer has recovered well over $250 million for retirement plan participants, including in the following prominent cases:

*In re AOL Time Warner ERISA Litig.*, C.A. No. 02-8853 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the most successful ERISA class actions. Following extensive litigation, including motions for summary judgment, Mr. Meltzer helped negotiate a settlement of $100 million for a class of retirement plan participants. To date, this is the second largest settlement for a case of this type and the largest in a case involving a non-bankrupt company.

*In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the earliest ERISA class actions involving employer securities and seeking relief under ERISA sec. 502(a)(2). After extensive litigation and complex negotiations, the firm helped secure a recovery of over $78 million for retirees whose nest eggs were badly impacted by the collapse of Global Crossing.

Mr. Meltzer also manages the firm's Antitrust Department and serves as lead counsel in numerous nationwide antitrust actions where he represents such clients as the Pennsylvania Turnpike Commission, the Southeastern Pennsylvania Transportation Authority (SEPTA) and the Sidney Hillman Health Center of Rochester. As lead counsel, he has helped obtain several multi-million dollar settlements, including settlements in *In re Remeron Antitrust Litigation*, 02-CV-2007 (D.N.J.) ($36 million settlement) and *In re Augmentin Antitrust Litigation*, 02-442 (E.D. Va.) ($29 million settlement). Mr. Meltzer also lectures on issues related to antitrust litigation and is a member of the ABA's Section Committee on Antitrust Law.

In addition to the ERISA Litigation and Antitrust Departments, Mr. Meltzer manages the firm's Consumer Fraud Department. An honors graduate of the University of Maryland, he received his law degree with honors from Temple University School of Law. Prior to joining Schiffrin & Barroway, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several complex class actions to successful conclusions and also defended clients in antitrust and commercial litigation.

**DARREN J. CHECK**, a partner of the firm, concentrates his practice in the area of securities litigation and institutional investor relations. He is a graduate of Franklin & Marshall College where he received a degree in History, *with honors*. Mr. Check received his law degree from Temple University School of Law and is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado. Mr. Check began his career at Schiffrin Barroway Topaz & Kessler by working extensively with partner David Kessler on In re Initial Public Offering Securities Litigation, No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), widely considered the largest securities class action in history.

Currently, Mr. Check concentrates his time as the firm's Director of Institutional Relations. He consults with institutional investors from around the world regarding their rights and responsibilities with respect to their investments and taking an active role in shareholder litigation. Mr. Check assists clients in evaluating what systems they have in place to identify and monitor shareholder litigation that has an affect on their investments, and also assists them in evaluating the strength of such cases and to what extent they may be affected by the conduct that has been alleged. He currently works with clients in the U.S., Canada, United Kingdom, France, Italy, Sweden, Denmark, Finland, Norway, Germany, Austria, and the Netherlands. Mr. Check regularly speaks on the subjects of shareholder litigation, corporate governance, investor activism, and how Schiffrin Barroway Topaz & Kessler's services can be of use to investors. Recently, Mr. Check spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the 2005 European Pension Symposium in Florence, Italy; the Public Funds Summit 2005 in Phoenix, Arizona; the European Investment Roundtable in Barcelona, Spain; The Rights &

Responsibilities Of Institutional Investors: European and U.S. Approaches To Active Ownership in Amsterdam, Netherlands; the Corporate Governance & Responsible Investment Summit, Stockholm, Sweden; Pension Fund Investment World – Germany in Frankfurt, Germany; and the 2007 European Pension Symposium in Lisbon, Portugal.

**TOBIAS MILLROOD,** a partner of the firm, manages the mass tort department at Schiffrin Barroway Topaz & Kessler. Mr. Millrood has been actively involved in mass tort litigation involving Prempro (Hormone Therapy), Guidant Cardiac Devices, Medtronic Cardiac Devices, Vioxx, Fen-Phen, Baycol, Meridia, Thimerosal, Ephedra and Zyprexa.

Mr. Millrood has been distinguished with leadership roles in several national products liability actions. Mr. Millrood currently serves as Liaison Counsel in *In Re Hormone Therapy Litigation*, Philadelphia Court of Common Pleas. Mr. Millrood also serves on the Plaintiffs' Steering Committee in *MDL 1507 – In Re Prempro Products Liability* and is Chair of the Association of Trial Lawyers of America (ATLA) Hormone Therapy Litigation Group. Mr. Millrood served as a Co-Chair of the Expert Committee in *In Re Baycol Litigation,* Philadelphia Court of Common Pleas. In Meridia, Mr. Millrood is Co-Chair of the ATLA Meridia Litigation Group. He also served on the Executive Committee of *MDL 1481, In re Meridia Products Liability*. In Thimerosal, Mr. Millrood serves on the Executive Committee of the Omnibus Autism Proceedings before the National Vaccine Injury Compensation Program. In August 2003, Mr. Millrood's article on Hormone Therapy was published in *Trial* magazine. Mr. Millrood speaks frequently at various seminars, on the topics of Mass Tort Litigation, Hormone Therapy, Cardiac Device Litigation, Meridia, the Ethics of Settling Mass Tort Cases and Electronic Discovery. Mr. Millrood has helped his clients to achieve millions of dollars in settlement of their product liability claims.

Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Millrood practiced at Anapol Schwartz. While at Anapol Schwartz, Mr. Millrood garnered several notable achievements, including serving as co-counsel in a $22 million medical malpractice verdict in *Wallace v. Fraider* (Phila. CCP Mar. 2001), one of the highest in state history. He also wrote and argued cases resulting in significant changes to Pennsylvania law: *Cullen v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n, 760 A.2d 1198* (Pa. Commw. 2000) (Pennsylvania workers' compensation carrier could not assert a subrogated claim for benefits that its insured's employee was precluded from recovering in settlement of a related medical malpractice claim); and *Estate of Magette v. Goodman*, 2001 WL 218981 (Pa. Super. 2001) (failure to retain evidence of EKG strip during orthopedic surgery that resulted in death of patient required new trial where court failed to give jury adverse inference instruction).

Mr. Millrood received his law degree from University of Tulsa College of Law. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. Mr. Millrood is a former member of the Pennsylvania Trial Lawyers Board of Governors and the Executive Committee of the Philadelphia Bar Association Young Lawyers' Division.

**ANDREW L. ZIVITZ,** a partner of the firm, received his law degree from Duke University School of Law, and received a Bachelor of Arts degree, with distinction, from the University of Michigan, Ann Arbor. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle & Reath, LLP, where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Zivitz concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in several of the largest class action securities cases currently pending nationwide. In addition, Mr. Zivitz has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D.Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Computer Associates, No. 02-CV-1226 (E.D.N.Y.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Computer Associates and certain of its officers misrepresented the health of the company's business, materially overstated the company's revenues, and engaged in illegal insider selling. After nearly two years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $150 million from the company.

### *In re McLeod USA Inc., No. C02-0001-MWB (N.D. Iowa):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that McLeod USA and certain of its officers misrepresented the health and prospects of the company's business. After more than three years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $30 million from the defendants.

### *In re Ligand Pharmaceuticals, Inc., 04-CV-1620-DMS (S.D. Cal):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $8.0 million for class members against Ligand Pharmaceuticals and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the financial condition of the company and their ability to predict and monitor inventory returns

when, in fact, the Company's revenues and earnings were artificially inflated and defendants had no ability to meaningfully predict or gauge inventory returns.

*In re Aon Corp., No. 02-CV-5631 (N.D. Ill.):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $7.25 million for class members against Aon Corp. and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the prospects and successes of the company's multi-million dollar "Business Transformation Plan," when in fact they knew that the plan was damaging the company's business.

**SEAN M. HANDLER**, a partner of the firm, received his Bachelor of Arts degree from Colby College, graduating *with distinction* in American Studies. Mr. Handler then earned his Juris Doctor, *cum laude*, from Temple University School of Law.

After law school, Mr. Handler practiced labor law at Reed Smith, LLP in Philadelphia. Since joining Schiffrin Barroway Topaz & Kessler, Mr. Handler has concentrated his practice in the area of securities litigation, with a particular emphasis on client development, litigation strategy and lead plaintiff litigation. In this role, Mr. Handler has been responsible for numerous reported decisions.

In addition to these responsibilities, Mr. Handler also spends considerable time litigating ongoing securities litigation matters on behalf of institutional clients, including:

*In re Delphi Corporation Securities Litigation, No. 06-10026 (GER) (E.D. MI.)*

*Smajlaj v. Brocade Communications Systems, Inc., et al., No. 05-cv-02042 (CRB) (N.D. Cal.)*

*State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003).*

**JOHN A. KEHOE**, a partner of the firm, received his B.A. from DePaul University, and an M.P.A., *with high honors*, from the University of Vermont. He earned his J.D., *magna cum laude*, from Syracuse University College of Law, where he was an Associate Editor of the Syracuse Law Review, Associate Member of the Moot Court Board, and Alternate Member of the National Appellate Team.

During his legal career, Mr. Kehoe has litigated high profile securities and antitrust actions in federal and state courts, including *Ohio Public Employees Retirement System et al. v. Freddie Mac et al.*, 03-CV-4261 (S.D.N.Y) (resulting in a $410 million combined class and derivative settlement); *In re Bristol-Myers Squibb Sec. Litig.*, 02-CV-2251 (S.D.N.Y) (resulting in a $300 million class settlement); *In re Adelphia Communications Corp. Sec. & Der. Litig.*, No. 03 MD 1529 (S.D.N.Y) ( resulting in a $460 million class settlement); and *In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C) (resulting in more than $2 billion in federal and state class and direct action settlements).

Mr. Kehoe is currently among the lead trial attorneys representing individual and institutional investors in 309 separate class actions that have been consolidated for pretrial purposes in *In re Initial Public Offering Sec. Litig.*, No. 21 MC 92 (S.D.N.Y.) ( resulting in over $1 billion in class settlements with additional claims pending against various underwriter defendants). He is also serving as lead or co-lead counsel in *Reynolds v. Repsol YPF S.A.*, 06-CV-00733 (S.D.N.Y.); *Mizzaro v. Home Depot Inc.*, 06-CV-1151 (N.D. Ga.); and *In re AremisSoft Corp. Sec. Litig.*, 01-CV-2486 (D.N.J).

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kehoe spent six years as an associate at Clifford Chance LLP, where he represented Fortune 500 corporations and their officers and directors in complex commercial litigation and in actions brought by the Department of Justice, the Securities and Exchange Commission and the Federal Trade Commission.

Mr. Kehoe is a member of the Association of the Bar of the City of New York and the New York Bar Association and is admitted to practice before the courts of New York State (1999) and the U.S. District Court for the Southern District of New York (2000).

**LEE D. RUDY**, a partner of the firm, received his law degree from Fordham University in 1996. In law school he was a senior editor of the Fordham Urban Law Journal and published *A Procedural Approach to Limited Public Forum Cases*, 22 Ford. Urb. L.J. 1255 (1995). He received his undergraduate degree, *cum laude*, from the University of Pennsylvania in 1992. Mr. Rudy is licensed to practice law in Pennsylvania and New York. From 1996 to 2002, Mr. Rudy was an Assistant District Attorney in the Manhattan District Attorney's Office, where he prosecuted dozens of felony jury trials to verdict. From 2003 to 2005, Mr. Rudy was an Assistant United States Attorney in the District of New Jersey, where he investigated and prosecuted numerous fraud and violent crime cases, and where he tried several major fraud cases to verdict in federal court. Mr. Rudy co-manages the firm's mergers and acquisition and shareholder derivative litigation department along with Marc Topaz and Eric Zagar.

**KAY E. SICKLES**, a partner of the firm, received her law degree from the University of Pennsylvania School of Law. She received her undergraduate degree from Colgate University, graduating, *with honors,* from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions arising out of violations of the ERISA and antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the Ninth and Seventh Circuit Courts of Appeal, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the District of New Jersey.

Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters. She has played a lead role in effectuating some of the most significant settlements of securities class action in recent years, including the partial settlement with Tenet Healthcare Corp. and certain officer of that corporation for $216.5 million in *In re Tenet Healthcare Corp. Sec. Litig.*, No. CV-02-8462-RSWL (Rzx) (C.D. Ca. 2006); the settlement for cash and common stock worth over $90 million in *In re Interpublic Sec. Litig.*, Civ. 6527 (DLC) (S.D.N.Y. 2004); and the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation,* Master File No. 98 Civ. 4839 (TCP) and *In re*

*Computer Associated 2002 Cass Action Securities Litigation*, Master File No., 02-CV-1226 (TCP) (E.D.N.Y.).

**ERIC L. ZAGAR**, a partner of the firm, received his law degree from the University of Michigan Law School, *cum laude*, where he was an Associate Editor of the Michigan Law Review. He has practiced law in Pennsylvania since 1995, and previously served as a law clerk to Justice Sandra Schultz Newman of the Pennsylvania Supreme Court. He is admitted to practice in Pennsylvania.

Mr. Zagar concentrates his practice in the area of shareholder derivative litigation. Mr. Zagar has served as Lead or Co-Lead counsel in numerous derivative actions in courts throughout the nation, including *David v. Wolfen,* Case No. 01- CC-03930 (Orange County, CA) (Broadcom Corp. Derivative Action); *In re PolyMedica Corporation Shareholder Derivative Litigation,* Case No. 01-3446 (Middlesex County, MA); *In Re Dynacq Int'l. Shareholder Derivative Litigation,* Case No. 2002- 07135 (Harris County, TX); and *Castillo v. Cavallaro, et al.,* Case No. A467663 (Clark County, NV) (Station Casinos, Inc. Class and Derivative Action). Mr. Zagar has successfully achieved significant monetary and corporate governance relief for the benefit of shareholders, and has extensive experience litigating matters involving Special Litigation Committees.

# ASSOCIATES AND OTHER PROFESSIONALS

**JULES D. ALBERT**, an associate of the firm, received his J.D. in 2005 from the University of Pennsylvania Law School, where he was a Senior Editor of the University of Pennsylvania Journal of Labor and Employment Law and recipient of the James Wilson Fellowship. Mr. Albert also received a Certificate of Study in Business and Public Policy from The Wharton School at the University of Pennsylvania. Mr. Albert graduated *magna cum laude* with a Bachelor of Arts in Political Science from Emory University. Mr. Albert is licensed to practice law in Pennsylvania, and concentrates his practice in the mergers and acquisitions and stockholder derivative actions department.

**KATIE L. ANDERSON**, an associate of the firm, received her law degree from Widener University School of Law. She received her undergraduate degree from the University of Pittsburgh. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Anderson served as a Deputy Attorney General for the Pennsylvania Office of Attorney General, Bureau of Consumer Protection, where she was responsible for enforcing a wide range of consumer oriented laws.

Ms. Anderson is licensed to practice law in Pennsylvania and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of mass tort litigation.

**IAN D. BERG**, an associate of the firm, received his J.D. and B.A. from Northwestern University. Mr. Berg concentrates his practice in the area of securities litigation and he plays a significant role in investigating and evaluating potential cases, including proprietary claims and

direct actions on behalf of institutional clients. Prior to joining Schiffrin, Barroway, Topaz & Kessler, Mr. Berg primarily practiced in the areas of commercial litigation and land use on behalf of corporations and real estate investment trusts. He is licensed to practice law in Pennsylvania and Illinois.

**ROBERT W. BIELA**, an associate of the firm, received his law degree from the Penn State Dickinson School of Law, where he served on the editorial board of the Environmental Law and Policy Journal. Mr. Biela received his undergraduate degree from West Chester University. Prior to joining the firm, Mr. Biela was an associate at Mager White and Goldstein, LLP. Mr. Biela is licensed to practice law in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania. His practice focuses primarily in the area of securities litigation.

**KATHERINE B. BORNSTEIN**, an associate of the firm, received her law degree from Emory University School of Law. Ms. Bornstein received her undergraduate degree from the University of Maryland. She is licensed to practice law in Pennsylvania and Maryland. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Bornstein was an associate at Provost & Umphrey Law Firm, LLP, where she worked on a number of complex litigation issues. Ms. Bornstein concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of ERISA, antitrust and consumer protection.

**NICHOLE BROWNING**, an associate of the firm, received her B.A. degree from Emory University in 1994 and her J.D. degree from The American University, Washington College of Law in 1997. Ms. Browning attended the Universidad de Chile in Santiago, Chile in 1995, where she studied human rights law. She completed her final year of law school at Emory University School of Law.

Ms. Browning has spent most of her legal career representing plaintiffs in federal securities fraud and corporate governance claims. At Schiffrin Barroway Topaz & Kessler LLP, Ms. Browning concentrates her practice in the areas of securities litigation and stockholders' derivative actions.

Ms. Browning is admitted to practice law in Georgia and has been admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, and all Georgia trial and appellate courts. Ms. Browning is the co-author of "Private Securities Litigation Reform Act of 1995 (PSLRA) Update", which was a chapter in the *Class Actions ICLE of Georgia* (2002).

Ms. Browning is based out of the firm's Walnut Creek, California office.

**JONATHAN R. CAGAN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Cagan received his undergraduate degree, *cum laude*, from Temple University. Mr. Cagan is licensed to practice law in New Jersey, and is admitted to the Third Circuit Court of Appeals. Mr. Cagan concentrates his practice in the area of securities litigation and specializes in discovery matters.

**EDWARD W. CIOLKO**, an associate of the firm, received his law degree from Georgetown University Law Center, and an MBA from the Yale School of Management. Prior to joining the firm, he served as an Attorney Advisor to Commissioner Sheila F. Anthony at the Federal Trade Commission. He is licensed to practice law in the State of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey. Mr. Ciolko concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

**ALISON K. CLARK**, an associate of the firm, received her law degree, *cum laude*, from Boston University School of Law, and received her undergraduate degree in Political Science, with honors, from Lehigh University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Clark was an attorney with a Fairfield County, Connecticut law firm, where she practiced in the areas of civil and commercial litigation, and real estate transactions. Ms. Clark is licensed to practice law in Connecticut, and has been admitted to practice before the United States District Court for the District of Connecticut. Ms. Clark concentrates her practice in the mergers and acquisitions and shareholder derivative department.

**MARK S. DANEK**, an associate of the firm, received his undergraduate degree in Architecture from Temple University in 1996, and his law degree from Duquesne University School of Law in 1999. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Danek was employed as in-house counsel of a real estate investment trust corporation that specialized in the collection of delinquent property tax receivables. He is licensed to practice law in the Commonwealth of Pennsylvania and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Supreme Court of the United States of America. Mr. Danek concentrates his practice in the area of securities litigation.

**JENNIFER L. ENCK**, an associate of the firm, received her law degree, *cum laude*, from Syracuse University College of Law in 2003 and her undergraduate degree in International Politics from The Pennsylvania State University in 1999. Ms. Enck also received a Masters degree in International Relations from Syracuse University's Maxwell School of Citizenship and Public Affairs. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Enck was an associate with Spector, Roseman & Kodroff, P.C. in Philadelphia, where she worked on a number of complex antitrust, securities and consumer protection cases. Ms. Enck is licensed to practice law in Pennsylvania. She concentrates her practice in the areas of securities litigation and settlement matters.

**ROBERT J. GRAY**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Gray received Bachelor of Sciences degree from La Salle University with a dual major of Accounting and Finance. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gray was an associate at Philadelphia boutique litigation firm practicing in the areas of complex commercial litigation and corporate transactions. Mr. Gray also worked as in-house counsel for a small, publicly-traded holding company.

Prior to beginning his law career, Mr. Gray worked as a forensic accountant for six years, conducting a variety of investigations for numerous governmental agencies and law firms. He received his C.P.A. license in 1997.

Mr. Gray is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area consumer protection.

**JOHN GROSS**, an associate of the firm, received his law degree from Widener School of Law, and his undergraduate degree from Temple University. Mr. Gross is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gross was an insurance defense litigation associate at a large, Philadelphia based firm. Mr. Gross now concentrates his practice in the areas of securities litigation, antitrust litigation and shareholder derivative actions.

**MARK K. GYANDOH**, an associate of the firm, received his undergraduate degree from Haverford College and his law degree from Temple University School of Law. While attending law school Mr. Gyandoh served as the research editor for the Temple International and Comparative Law Journal. He also interned as a judicial clerk for the Honorable Dolores K. Sloviter of the U.S. Court of Appeals for the Third Circuit and the Honorable Jerome B. Simandle of the U.S. District Court for New Jersey. After law school Mr. Gyandoh was employed as a judicial clerk for the Honorable Dennis Braithwaite of the Superior Court of New Jersey Appellate Division.

Mr. Gyandoh is the author of "Foreign Evidence Gathering: What Obstacles Stand in the Way of Justice?," 15 Temp. Int'l & Comp. L.J. (2001) and "Incorporating the Principle of Co-Equal Branches into the European Constitution: Lessons to Be Learned from the United States" found in Redefining Europe (2005). Mr. Gyandoh is licensed to practice in New Jersey and Pennsylvania and concentrates in the area of ERISA, antitrust and consumer protection.

**BENJAMIN J. HINERFELD** is an associate at the firm, and concentrates his work in securities litigation. In 1996, he graduated from the University of Pittsburgh School of Law, where he served as Lead Note and Comment Editor of the Journal of Law and Commerce. From 1996 to 1997, he clerked for the Hon. Sandra Schultz Newman of the Supreme Court of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hinerfeld worked in a securities litigation firm in Wilmington, Delaware.

From 2000 to 2003, Mr. Hinerfeld was a writing consultant with the Undergraduate Writing Center at the University of Texas at Austin. During that time he also co-authored, with Dr. Sarah Jane Rehnborg and Catherine Fallon, "Investing in Volunteerism: The Impact of Service Initiatives in Selected Texas State Agencies" a report prepared by The RGK Center for Philanthropy and Community Service, LBJ School of Public Affairs. He received his bachelor's degree from Vassar College and a master's degree in American History from the University of Texas at Austin.

Mr. Hinerfeld is licensed to practice law in Pennsylvania.

**MICHAEL J. HYNES**, an associate of the firm, received his law degree from Temple University School of Law, and is a graduate of Franklin and Marshall College. Mr. Hynes is

licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Eastern and Middle Districts of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation. He was an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases. At Schiffrin Barroway Topaz & Kessler, Mr. Hynes concentrates his practice in the areas of securities litigation and shareholder derivative litigation.

**TARA P. KAO**, an associate of the firm, received her J.D. from Villanova University School of Law, where she was a Managing Editor of Student Works for the Villanova Law Review. Ms. Kao received her Bachelor of Science in Business/Finance, *with honors*, from Carnegie Mellon University. She is licensed to practice law in Pennsylvania, and concentrates her practice in the area of mergers and acquisitions and shareholder derivative actions.

**D. SEAMUS KASKELA,** an associate of the firm, received his law degree from Rutgers School of Law -- Camden, and received his undergraduate degree in Sociology from Saint Joseph's University. Prior to graduating from law school and joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Kaskela was a law clerk with a large Philadelphia law firm, where he worked in the complex civil litigation department. Mr. Kaskela is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania (pending) and the United States District Court for the District of New Jersey. Mr. Kaskela works in the firm's case development department

**JENNIFER L. KEENEY**, an associate of the firm, received her law degree, *cum laude*, from Temple University Beasley School of Law, where she was the Special Projects Editor for the Temple International and Comparative Law Journal. Ms. Keeney earned her undergraduate degree in History, *with honors*, from Washington University in St. Louis in 2003. She is licensed to practice in Pennsylvania and concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**HAL J. KLEINMAN**, an associate of the firm, received his law degree from The John Marshall Law School, and his undergraduate degree from Ithaca College. Mr. Kleinman is licensed in Illinois and Pennsylvania, and has been admitted to practice before the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Seventh Circuit, the Court of Appeals for the Third Circuit, and the United States Court of Claims.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kleinman practiced law in Chicago, where his practice concentrated in the area of Complex Litigation, Mass Torts and Class Actions. Mr. Kleinman was a member of the law and briefing committee that successfully obtained class certification in *In re Hartmarx Securities Litigation, Case No. 01 C 7832 (N.D. Ill.)*. In addition, he was appointed to the Class Counsel Management Committee in *Cress, et al. v. Sara Lee Corporation, Case No. 98 L 15072 (Cir. Ct., Cook County, Ill.)*. For his work in this matter, Mr. Kleinman was asked to be a guest lecturer at the University of Chicago Law School's Class Action Controversies Seminar and to discuss the Sara Lee litigation. He also was responsible for

representing hundreds of clients in various Mass Torts, including MDL-1431, *In re Baycol Products Liability Litigation; MDL-1373, In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation; MDL-1203, In re Diet Drugs (Phentermine/ Fenfluramine/Dexfenfluramine) Products Liability Litigation;* and MDL-926, *In re Silicone Gel Breast Implants Product Liability Litigation.* Mr. Kleinman concentrates his practice in the area of Mass Torts.

**ERIC LECHTZIN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Lechtzin received his undergraduate degree in Political Science and Economics, *magna cum laude*, from Temple University, where he received Phi Beta Kappa honors. Mr. Lechtzin is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Lechtzin was an associate with the firm of Grant & Eisenhofer, P.A., where his practice was concentrated in federal securities class actions and corporate governance litigation. Mr. Lechtzin spent the first ten years of his career at two large Philadelphia law firms where he represented corporate and public sector clients in a wide range of complex commercial litigation, including toxic torts, labor and employment, insurance, and environmental law. Mr. Lechtzin has extensive trial experience and has argued appeals before the Supreme Court of Pennsylvania and other appellate courts. Mr. Lechtzin concentrates his practice with Schiffrin Barroway Topaz & Kessler in the area of securities class action litigation and is Lead or Co-Lead Counsel in several class action securities cases currently pending nationwide. In addition, Mr. Lechtzin has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following: *In re Global Crossing Access Charge Litigation*, No. 04-MD-1630 (S.D.N.Y.), in which Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs and helped obtain a settlement of $15 million from the company; *In re Van der Moolen Holding N.V. Securities Litigation*, No. 1:03-CV-8284 (S.N.D.Y.), in which Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs and helped obtain a settlement of $8 million from the company; and *Scott Tanne v. Autobytel, Inc. et al.*, No. CV 04-8987 (C.D. Cal.), in which Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel on behalf of plaintiffs and obtained a settlement of $6.75 million from the company.

**JAMES A. MARO, JR.,** an associate of the firm, received his law degree from the Villanova University School of Law in 2000. He received a B.A. in Political Science from the Johns Hopkins University in 1997. Mr. Maro is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area of mergers and acquisitions and shareholder derivative actions.

**RICHARD A. MANISKAS**, an associate of the firm, received his law degree from Widener University School of Law, and received his undergraduate degree from the University of Pittsburgh. While in law school, Mr. Maniskas served as Internal Editor of the *Widener Journal of Public Law*. He is licensed to practice law in Pennsylvania and the District of Columbia, and

has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**LISA MELLAS,** an associate of the firm, received her law degree from the University of Florida College of Law and her undergraduate degree from the University of Florida. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Mellas was an associate at White and Williams, LLP, where she practiced in the Property Department. Ms. Mellas is licensed to practice in New York, New Jersey and Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Western District of Pennsylvania, and the District of New Jersey. She concentrates her practice at Schiffrin Barroway Topaz and Kessler in the area of consumer protection and ERISA

**JAMES H. MILLER,** an associate of the firm, received his J.D. in 2005 from Villanova University School of Law, where he was enrolled in Villanova University's J.D./M.B.A. program. Mr. Miller received his Master of Business Administration from Villanova University in 2005, and received his Bachelor of Chemical Engineering from Villanova University in 2002. Mr. Miller is licensed to practice law in Pennsylvania and concentrates his practice in the areas of mergers and acquisitions and shareholder derivative actions.

**CASANDRA A. MURPHY,** an associate of the firm, received her law degree from Widener University School of Law and her undergraduate from Gettysburg College. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Murphy was an associate at Post & Schell, P.C. where she practiced general casualty litigation. Ms. Murphy is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United State District Court for the Eastern District of Pennsylvania. Ms. Murphy has lectured for the Pennsylvania Bar Institute and the Philadelphia Judicial Conference. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

**CHRISTOPHER L. NELSON,** an associate of the firm, received his law degree from Duke University School of Law, and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Ninth Circuits, and the United States District Court for the Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in numerous pending nationwide class action securities cases.

**MICHELLE M. NEWCOMER,** an associate of the firm, received her law degree from Villanova University School of Law. Ms. Newcomer received her undergraduate degrees in Finance and Art History from Loyola College in Maryland in 2002. Ms. Newcomer is licensed to

practice law in Pennsylvania and New Jersey. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**KAREN E. REILLY**, an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Reilly practiced at Pelino & Lentz, P.C., in Philadelphia, where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**STEVEN D. RESNICK**, an associate of the firm, received his law degree from The Dickinson School of Law of The Pennsylvania State University, and his undergraduate degree, *cum laude*, from West Chester University. Mr. Resnick is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey and the United States District Court for the District of Nebraska. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Resnick was an associate at the firm of German, Gallagher & Murtagh, where his practice concentrated in the defense of medical malpractice, products liability and premises liability. Mr. Resnick now concentrates his practice in the area of mass tort and product liability litigation.

**EMANUEL SHACHMUROVE**, an associate of the firm, received his law degree from The University of Michigan Law School, where he was an Associate Editor of the Michigan Journal of Law Reform. Mr. Shachmurove received his Bachelor of Science in Economics, *cum laude*, from The Wharton School at the University of Pennsylvania, where he was a Joseph Wharton Scholar. Mr. Shachmurove concentrates his practice in mergers and acquisitions and shareholder derivative litigation.

**BHARATI O. SHARMA**, an associate of the firm, received her law degree from the American University Washington College of Law, a Master of Public Administration from The George Washington University, and her undergraduate degree from the University of Pittsburgh. Ms. Sharma is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey.

Ms. Sharma is a former judicial law clerk to the Honorable Stephen Skillman, Superior Court of New Jersey, Appellate Division, and a former member of American University's International Law Review. She is the founder and current President of the South Asian Bar Association of Philadelphia. Ms. Sharma also serves on the Executive Committees of the North American South Asian Bar Association and the Philadelphia Bar Association Young Lawyer's Division.

Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Sharma practiced complex civil litigation at a Philadelphia law firm. She now concentrates her practice in the areas of pharmaceutical and product liability litigation.

**BENJAMIN J. SWEET**, an associate of the firm, received his juris doctor from The Dickinson School of Law, and his BA, *cum laude*, from the University Scholars Program of The Pennsylvania State University. While in law school, Mr. Sweet served as Articles Editor of the Dickinson Law Review, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. While at Reed Smith, Mr. Sweet co-authored "Assignability of Non-Compete Covenants," 74 Pa. Bar. Q. 64 (April 2003). Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Ninth Circuit.

Mr. Sweet concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members in several nationwide federal securities class actions, including *In re CVS Pharmacy, Inc. Secs. Litig.*, No. 01-11464 (D.Mass. 2005) ($110 million recovery for Class members), *In re Zomax Inc. Secs. Litig.*, No. 04-cv-1155 (D.Minn. 2005) (multi-million dollar cash and stock recovery for Class members), *In re Flextronics Int'l Ltd. Secs. Litig.*, No. 03-cv-2102 (N.D. Cal. 2004) ($4.25 million recovery for Class members) and *In re Black Box Corp. Secs. Litig.*, No. 03-cv-412 (W.D. Pa. 2004) (multi-million dollar recovery for Class Members). Mr. Sweet is currently Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re Tyco Int'l Ltd. Secs. Litig.*, MDL Docket No. 02-1335-B (D.N.H.) and *In re PNC Financial Services Group, Inc. Secs. Litig.*, No. 02cv271 (W.D. Pa.).

**NICOLETTE TROPIANO**, an associate of the firm, received her law degree from Temple University School of Law. Ms. Tropiano received her undergraduate degree in Economics and Business Administration with a concentration in Accounting and Finance from Ursinus College in 2001. Ms. Tropiano is licensed to practice law in Pennsylvania. She concentrates her practice in the area of securities litigation, and serves in the firm's lead plaintiff department which involves working with clients, litigation strategy and lead plaintiff issues.

**MICHAEL C. WAGNER**, is an associate of the firm, received his undergraduate degree in Government from Franklin & Marshall College, and his law degree from the University of Pittsburgh School of Law in 1996. Mr. Wagner is licensed to practice law in Pennsylvania, and he has been admitted to practice in the United States Court of Appeals for the Third Circuit, and United States District Courts for the Eastern and Western Districts of Pennsylvania, for the Eastern District of Michigan, and for the District of Colorado.

Before joining Schiffrin Barroway Topaz & Kessler, Mr. Wagner worked at Rubin, Fortunato & Harbison, a boutique law firm in Paoli, PA, representing Fortune 100 corporations, as well as individuals and small businesses, in employment matters across the country. Mr. Wagner earlier worked for several years at Spector, Gadon & Rosen, in Philadelphia, concentrating his practice in complex commercial and corporate litigation. At Schiffrin Barroway Topaz & Kessler, Mr.

Wagner focuses his practice in the areas of securities litigation and shareholder derivative litigation.

**JOSEPH A. WEEDEN**, an associate of the firm, received his law degree from the University of North Carolina School of Law, where he received the Gressman-Politt Award for outstanding oral advocacy. Mr. Weeden also received his undergraduate degree from the University of North Carolina at Chapel Hill, where he was a Joseph E. Pogue Scholar. Prior to joining the firm, Mr. Weeden was an associate at Kaufman & Canoles, P.C., where he practiced in the areas of commercial and business law. Mr. Weeden is licensed to practice law in Virginia, and concentrates his practice in the area of complex ERISA litigation.

**GERALD D. WELLS, III**, an associate of the firm, received his law degree from Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District Court of New Jersey, and the United States District Court for the Eastern District of Michigan.

Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection, and FLSA/overtime litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Bristol-Myers Squibb ERISA Litigation*, No. 02-CV-10129 (LAP) ($41.22 million in cash plus structural remedies valued at up to $52 million) and *Falk v. Amerada Hess Corp., et al.,* No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million); and *In re Westar Energy Inc. ERISA Litig.,* No. 03-4032-JAR (D. Kan.) ($9.25 million cash settlement). Mr. Wells currently serves as counsel in several pending nationwide class and collective actions.

**ROBIN WINCHESTER**, an associate of the firm, received her law degree from Villanova University School of Law, and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania. Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of shareholder derivative actions.

**TERENCE S. ZIEGLER**, an associate of the firm, received his law degree from the Tulane University School of Law. Mr. Ziegler received a Bachelor of Business Administration degree with a concentration in Finance from Loyola University. Mr. Ziegler is licensed to practice law in the State of Louisiana, and has been admitted to practice before the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Eastern District of Louisiana and the United States District Court for the Middle District of Louisiana. Mr. Ziegler concentrates his practice in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

# OF COUNSEL

**CHRISTIE A. CANNON**, of counsel to the firm, received her law degree from Emory University School of Law and her undergraduate degree from Auburn University, *magna cum laude*. In law school Ms. Cannon was named to the Order of the Barristers, was one of twelve people from her class chosen to be on the Moot Court Special Teams, and served as the Director of Special Teams on the Moot Court Board of Directors. Ms. Cannon also served as one of three team members for the Georgia Intrastate Moot Court competition and as an alternate member for the National Moot Court Team.

Ms. Cannon has spent her legal career representing both plaintiffs and defendants in complex litigation around the United States and overseas, with a prominent emphasis on securities litigation under federal and state securities laws. Ms. Cannon is licensed to practice law in Georgia and has been admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, and all Georgia trial and appellate courts. In 2005, Ms. Cannon was voted by her peers and named by *Atlanta Magazine* and *Law and Politics Magazine* to be a Georgia Super Lawyer, placing her in the top 5 percent of attorneys and among the top 15 securities litigation attorneys in Georgia.

Ms. Cannon is working extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), currently pending in the Southern District of New York.

**ROBERT M. BRAMSON** has more than twenty-five years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, *summa cum laude*, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981. Mr. Bramson is a member of the California Bar.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has acted as lead counsel in two such actions taken to trial - *Pacific West Cable Co. v. City of Sacramento, et al.* (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Coleman et al. v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17204 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200

Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Bramson is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**ALAN R. PLUTZIK** specializes in complex business litigation in state and federal courts throughout the United States. Areas of particular emphasis include class actions, securities fraud and corporate governance litigation, consumer law, antitrust, constitutional and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia (inactive member), and is a member of the bars of the United States Supreme Court, the Second, Eighth, Ninth, Tenth and District of Columbia Circuits and numerous federal district courts throughout the United States.

Mr. Plutzik received his law degree from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and also holds an M. A. from Stanford University. Over the course of his twenty-nine year career, Mr. Plutzik has also handled a wide variety of class actions and derivative cases. He has represented, among other clients, corporate shareholders and limited partners challenging conduct by their general partners, officers or directors; consumers and businesses harmed by price-fixing and other anticompetitive conduct; consumers in actions against insurance companies, banks and other lenders; investors in securities fraud cases and derivative suits; employees in ERISA and wage/hour cases; purchasers of mislabeled and defective products; victims of toxic pollution; persons harmed by defective products; and cellular telephone and cable television subscribers.

Mr. Plutzik has also handled a substantial number of cases that raise First Amendment and other constitutional issues, and has represented broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to new media, cable television franchising and cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the

Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge pro tem on the Contra Costa County Superior Court. He is also President of the Warren W. Eukel Teacher Trust, a community-based charity that honors outstanding teachers in Contra Costa County, California.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Plutzik is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**L. TIMOTHY FISHER** specializes in consumer and securities class actions and complex business litigation. He has been actively involved in several cases in which multi-million dollar recoveries were achieved for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and fraud. Mr. Fisher is a member of the California Bar.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Fisher is an associate in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

# CONSULTANTS

**KEVIN P. CAULEY** serves in the firm's business development and institutional relations department. Mr. Cauley is a graduate of Temple University. Prior to joining the firm, Mr. Cauley was Director of Business Development for a multi-family office in New York City. Mr. Cauley also has prior experience in institutional fiduciary investment consulting, money manager selection, best trade executions, and asset allocation modeling. He has held the Series 7, 24, 63, and 65 licenses with the NASD. Mr. Cauley has also done political consulting in coordinating and directing various aspects of field operations for local, state, and national campaigns in Southeastern Pennsylvania. He is also an active member of The Pennsylvania Future Fund, A.O.H. Division 88 "Officer Danny Boyle Chapter," The Saint Andrews Society, The Friendly Sons of Saint Patrick, The Clover Club of Philadelphia, The Foreign Policy Research Institute, a Board Member of The Princeton Committee on Foreign Relations, and is an elected member to The Pennsylvania Society and The Union League of Philadelphia, where he serves on the Armed Services Committee.

**DAVID RABBINER** serves as Schiffrin Barroway Topaz & Kessler's Director of Investigative Services. As the firm's lead investigations necessary to further and strengthen the firm's class-action litigation efforts. Although his investigative services are primarily devoted to securities matters, Mr. Rabbiner routinely provides litigation support, conducts due diligence, and lends general investigative expertise and assistance to the firm's other class-action practice areas. Mr. Rabbiner plays an integral role on the firm's legal team, providing critical investigative services to obtain evidence and information to help ensure a successful litigation outcome. Before joining Schiffrin Barroway Topaz & Kessler, Mr. Rabbiner enjoyed a broad-based, successful career as an FBI Special Agent, including service as an Assistant Special Agent in Charge, overseeing multiple criminal programs, in one of the Bureau's largest field offices. He holds an A.B. in English Language and Literature from the University of Michigan and a Juris Doctor from the University of Miami School of Law.

**SKIP HETTEL**, an investigator for the firm, received his undergraduate degree in Political Science from Syracuse University. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hettel was a paralegal for Miller, Alfano & Raspanti, P.C., where he worked on white-collar criminal defense and in the Special Master's office for Fen-Phen litigation. Previously, he served on the Jim Eisenhower for Attorney General Campaign.

# EXHIBIT C

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Frank Brozovich, derivatively on behalf of Nominal Defendant Actel Corp.,<br><br>Plaintiff,<br><br>v.<br><br>John C. East, et al.,<br><br>Defendants<br><br>and,<br><br>Actel Corp.,<br><br>Nominal Defendant. | NO. C 06-05352 JW<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL** |

## I. INTRODUCTION

There are currently two related shareholders' derivative actions (the "Related Derivative Cases") on behalf of nominal defendant Actel Corp. ("Actel") pending before the Court.[1]  Presently before the Court are Plaintiffs Frank Brozovich and Samir Younan's Motion to Consolidate Cases (Docket Item No. 20) and Motion to Appoint Lead Plaintffs, Lead Counsel and Liaison Counsel (Docket Item No. 13).  The Court found the matter appropriate for submission on the papers.  See Civ. L.R. 7-1(b).  Based on the papers filed to date, the Court ORDERS (1) the Related Derivative

---

[1] The Related Derivative Cases are: Frank Brozovich v. John C. East, et al., C 06-05352 JW (filed Aug. 30, 2006), and Samir Younan v. John C. East, et al., C 06-06832 JW (filed Nov. 2, 2006).

1    Cases consolidated; (2) Frank Brozovich and Samir Younan appointed Lead Plaintiffs; (3) Schiffrin

2    & Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP

3    appointed Liaison Counsel.

## II. BACKGROUND

5        On August 30, 2006, Frank Brozovich ("Brozovich") filed the first shareholders' derivative

6    complaint on behalf of Actel alleging that certain of the company's officers and directors wrongfully

7    diverted millions of dollars to themselves through a stock option backdating scheme. On November

8    2, 2006, Samir Younan ("Younan") also filed a derivative action on behalf of Actel alleging the

9    same type of misconduct and harm. On November 8, 2006, the Court found that the two actions

10   were related. (See Related Case Order, Docket Item No. 11.) On November 15, 2006, Brozovich

11   and Younan filed a motion to appoint themselves as lead plaintiffs, Schiffrin & Barroway LLP

12   ("Schiffrin") as lead counsel, and Bramson, Plutzik, Mahler & Birkhaeuser LLP ("Bramson") as

13   liaison counsel. On December 22, 2006, Brozovich and Younan filed a motion to consolidate the

14   Related Derivative Cases. To date, the Court is unaware of any opposition to these motions.

## III. DISCUSSION

16   **A.    Consolidation of the Derivative Cases**

17       A district court has broad discretion to consolidate actions involving "common issues of law

18   or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

19   F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district

20   court "weighs the saving of time and effort consolidation would produce against any inconvenience,

21   delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

22       Having reviewed the Complaints filed in the Related Derivative Cases, the Court finds that

23   the two cases involve virtually identical factual and legal issues. The core issue of both cases is

24   whether executives at Actel breached their fiduciary duties when they backdated stock options that

25   were granted to them between 1994 and 2001. Given these similarities and the lack of any apparent

26   inconvenience, delay, or expense that would result from bringing the cases together, the Court finds

27   that consolidation of the Related Derivative Cases is appropriate.

28                                                    2

**United States District Court**
For the Northern District of California

**B.    Appointment of Lead Plaintiffs**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

The Complaints filed in the Related Derivative Cases allege that all relevant times Brozovich and Younan were shareholders of Actel. Brozovich and Younan have also retained competent and experienced counsel and do not appear to be subject to any unique defenses. Accordingly, appointment of Brozovich and Younan as Lead Plaintiffs is appropriate.

**C.    Appointment of Lead Counsel and Liaison Counsel**

Brozovich and Younan have agreed that Schiffrin should be appointed as lead counsel and that Bramson should be appointed as liaison counsel. Given these firms' experience with similar shareholder actions, the Court finds it appropriate to appoint Schiffrin as Lead Counsel and Bramson as Liaison Counsel.

### IV.  CONCLUSION

The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Frank Brozovich and Samir Younan appointed Lead Plaintiffs; (3) Schiffrin & Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Liaison Counsel.

The Clerk shall consolidate these actions such that the earlier filed action, C 06-05352 JW, is the lead case. All future filings shall be filed in C 06-06832 JW and bear the caption: "In Re Actel Derivative Litigation."

1     A hearing on Defendants' anticipated motion to dismiss is set for **August 6, 2007 at 9:00**

2 **a.m.**  If Defendants do not file a motion to dismiss, the Court will conduct a further case

3 management conference on this date at the 10:00 a.m.

4     Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all

5 discovery STAYED pending Defendants' anticipated motion to dismiss.  See In re Altera Corp.

6 Derivative Litigation, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

7

8 Dated:  January 10, 2007

                                       JAMES WARE

9                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Alan R. Plutzik aplutzik@bramsonplutzik.com
     Bahram Seyedin-Noor bnoor@wsgr.com
3    Eric L. Zagar ezagar@sbclasslaw.com
     Kathryn A. Schofield kschofield@bramsonplutzik.com
4    L. Timothy Fisher ltfisher@bramsonplutzik.com

5

6    **Dated: January 10, 2007**                    **Richard W. Wieking, Clerk**

7

8                                                   By:  /s/ JW Chambers
                                                        **Elizabeth Garcia**
9                                                       **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

1

2

3

4

5

6

7     IN THE UNITED STATES DISTRICT COURT

8     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9     SAN JOSE DIVISION

10    Southeastern Pennsylvania Transportation          NO. C 06-06486 JW
      Authority, derivatively on behalf of Nominal
11    Defendant Network Appliance, Inc.,                **ORDER GRANTING MOTIONS TO
                                                        CONSOLIDATE CASES AND TO
12              Plaintiff,                               APPOINT LEAD PLAINTIFFS, LEAD
                                                        COUNSEL, AND LIAISON COUNSEL**
13        v.

14    Daniel J. Warmenhoven, et al.,

15              Defendants

16        and,

17    Network Appliance, Inc.,

18              Nominal Defendant.
      _____/

19                        **I. INTRODUCTION**

20        There are currently two related shareholders' derivative actions (the "Related Derivative

21    Cases") on behalf of nominal defendant Network Appliance, Inc. ("Network Appliance") pending

22    before the Court.[1]  Presently before the Court are Plaintiffs Southeastern Pennsylvania

23    Transportation Authority and Ting Chou's Motion to Consolidate Cases (Docket Item No. 13) and

24    Motion to Appoint Lead Plaintffs, Lead Counsel, and Liaison Counsel (Docket Item No. 6).  The

25    Court found the matter appropriate for submission on the papers.  See Civ. L.R. 7-1(b).  Based on

26

27        [1] The Related Derivative Cases are: Southeastern Pennsylvania Transportation Authority v.
      Daniel J. Warmenhoven, et al., C 06-06486 JW (filed Oct. 17, 2006), and Ting Chou v. Daniel J.
28    Warmenhoven, et al., C 06-06506 JW (filed Oct. 18, 2006).

United States District Court

For the Northern District of California

1  the papers filed to date, the Court ORDERS (1) the Related Derivative Cases consolidated; (2)

2  Southeastern Pennsylvania Transportation Authority and Ting Chou appointed Lead Plaintiffs; (3)

3  Schiffrin & Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler &

4  Birkhaeuser LLP appointed Liaison Counsel.

5                                  **II.  BACKGROUND**

6          On October 17, 2006, Southeastern Pennsylvania Transportation Authority ("SEPTA") filed

7  the first shareholders' derivative complaint on behalf of Network Appliance alleging that certain of

8  the company's officers and directors wrongfully diverted millions of dollars to themselves through a

9  stock option backdating scheme.  On October 18, 2006, Ting Chou ("Chou") also filed a derivative

10 action on behalf of Network Appliance alleging the same type of misconduct and harm.  On

11 November 8, 2006, the Court found that the two actions were related.  (See Related Case Order,

12 Docket Item No. 5.)  On November 14, 2006, SEPTA and Chou filed a motion to appoint themselves

13 as lead plaintiffs, Schiffrin & Barroway LLP ("Schiffrin") as lead counsel, and Bramson, Plutzik,

14 Mahler & Birkhaeuser LLP ("Bramson") as liaison counsel.  On December 22, 2006, SEPTA and

15 Chou filed a motion to consolidate the Related Derivative Cases.  To date, the Court is unaware of

16 any opposition to these motions.

17                                 **III.  DISCUSSION**

18 **A.     Consolidation of the Derivative Cases**

19         A district court has broad discretion to consolidate actions involving "common issues of law

20 or fact."  Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877

21 F.2d 777, 777 (9th Cir. 1989).  In exercising its broad discretion to order consolidation, a district

22 court "weighs the saving of time and effort consolidation would produce against any inconvenience,

23 delay, or expense that it would cause."  Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

24         Having reviewed the Complaints filed in the Related Derivative Cases, the Court finds that

25 the two cases involve virtually identical factual and legal issues.  The core issue of both cases is

26 whether executives at Network Appliance breached their fiduciary duties when they backdated stock

27 options that were granted to them between 1996 and 2002.  Given these similarities and the lack of

28                                          2

United States District Court

For the Northern District of California

1    any apparent inconvenience, delay, or expense that would result from bringing the cases together,

2    the Court finds that consolidation of the Related Derivative Cases is appropriate.

3    **B.    Appointment of Lead Plaintiffs**

4         According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative

5    action must "fairly and adequately represent the interests of the shareholders or members similarly

6    situated in enforcing the right of the corporation or association." Factors courts have considered in

7    analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during

8    the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether

9    the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines,

10   227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058,

11   2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

12        The Complaints filed in the Related Derivative Cases allege that all relevant times SEPTA

13   and Chou were shareholders of Network Appliance. SEPTA and Chou have also retained competent

14   and experienced counsel and do not appear to be subject to any unique defenses. Accordingly,

15   appointment of SEPTA and Chou as Lead Plaintiffs is appropriate.

16   **C.    Appointment of Lead Counsel and Liaison Counsel**

17        SEPTA and Chou have agreed that Schiffrin should be appointed as lead counsel and that

18   Bramson should be appointed as liaison counsel. Given these firms' experience with similar

19   shareholder actions, the Court finds it appropriate to appoint Schiffrin as Lead Counsel and Bramson

20   as Liaison Counsel.

21                                   **IV.  CONCLUSION**

22        The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Southeastern

23   Pennsylvania Transportation Authority and Ting Chou appointed Lead Plaintiffs; (3) Schiffrin &

24   Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP

25   appointed Liaison Counsel.

26

27

28                                          3

*United States District Court*
*For the Northern District of California*

1    The Clerk shall consolidate these actions such that the earlier filed action, C 06-06486 JW, is

2    the lead case.  All future filings shall be filed in C 06-06486 JW and bear the caption: "In Re

3    Network Appliance Derivative Litigation."

4    A hearing on Defendants' anticipated motion to dismiss is set for **August 6, 2007 at 9:00**

5    **a.m.**  If Defendants do not file a motion to dismiss, the Court will conduct a further case

6    management conference on this date at the 10:00 a.m.

7    Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all

8    discovery STAYED pending Defendants' anticipated motion to dismiss.  See In re Altera Corp.

9    Derivative Litigation, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

10

11   Dated:  January 10, 2007

12                                                         JAMES WARE
                                                           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan R. Plutzik aplutzik@bramsonplutzik.com
Bahram Seyedin-Noor bnoor@wsgr.com
Eric L. Zagar ezagar@sbclasslaw.com
Kathryn A. Schofield kschofield@bramsonplutzik.com

Dated:  January 10, 2007                          Richard W. Wieking, Clerk

                                                  By:  /s/ JW Chambers
                                                       Elizabeth Garcia
                                                       Courtroom Deputy

United States District Court
For the Northern District of California

# EXHIBIT E

1    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
     Alan R. Plutzik (Bar No. 077785)
2    L. Timothy Fisher (Bar No. 191626)
     Kathryn A. Schofield (Bar No. 202939)
3    2125 Oak Grove Road, Suite 120
     Walnut Creek, California 94598
4    Telephone: (925) 945-0200
     Facsimile: (925) 945-8792
5
     SCHIFFRIN & BARROWAY LLP
6    Eric L. Zagar
     Sandra G. Smith
7    280 King of Prussia Road
     Radnor, PA 19087
8    Telephone: (610) 667-7706
     Facsimile: (610) 667-7056
9
     Attorneys for Plaintiffs
10   *Additional Counsel on Signature Page*

11                          UNITED STATES DISTRICT COURT
12                        NORTHERN DISTRICT OF CALIFORNIA
13                                 SAN JOSE DIVISION
14
15   RICK TOPE, Derivatively on Behalf of Nominal          Case No. C06-04387 RMW
     Defendant INTEGRATED SILICON
16   SOLUTION, INC.,                                       **STIPULATION AND [PROPOSED]
                                                           ORDER CONSOLIDATING
17                                      Plaintiff,          ACTIONS AND APPOINTING LEAD
                                                           AND LIAISON COUNSEL FOR
18        v.                                               PLAINTIFFS**

19   JIMMY S.M. LEE, KONG YEU HAN, GARY
     L. FISCHER, PAUL JEI-ZEN SONG,
20   MICHAEL D. MCDONALD, THOMAS C.
     ENDICOTT, THOMAS C. DOCZY, PING K.
21   KO, LIP-BU TAN, HIDE L. TANIGAMI,
     BRUCE A. WOOLEY,
22
                                       Defendants,
23
              and
24   INTEGRATED SILICON SOLUTION, INC.,

25                               Nominal Defendant.

26

27

28
     ──────────────────────────────────────────────
     STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD AND
     LIAISON COUNSEL FOR PLAINTIFFS
     48366

| | | |
|---|---|---|
| 1 | MURRAY DONNELLY, Derivatively on Behalf of Nominal Defendant INTEGRATED | **Case No. C06-04545 HRL** |
| 2 | SILICON SOLUTION, INC., | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | JIMMY S.M. LEE, KONG YEU HAN, GARY L. FISCHER, PAUL JEI-ZEN SONG, | |
| 6 | MICHAEL D. MCDONALD, THOMAS C. ENDICOTT, THOMAS C. DOCZY, PING K. | |
| 7 | KO, LIP-BU TAN, HIDE L. TANIGAMI, BRUCE A. WOOLEY, | |
| 8 | | |
| 9 | Defendants, | |
| 10 | and | |
| 11 | INTEGRATED SILICON SOLUTION, INC. | |
| 12 | Nominal Defendant. | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD AND LIAISON COUNSEL FOR PLAINTIFFS
48366

1    WHEREAS, both of the above-captioned actions are shareholder derivative actions

2    purportedly brought on behalf of nominal defendant Integrated Silicon Solution, Inc. ("ISSI")

3    against its current and former directors and officers; and

4    WHEREAS, both of the above-captioned actions involve a common question of law or fact;

5    and

6    WHEREAS, both of the above-captioned actions name the same Defendants, contain the

7    same or substantially similar factual allegations, assert the same or substantially similar causes of

8    action, and seek the same or substantially similar relief; and

9    WHEREAS, the parties agree that the above-captioned actions should be consolidated; and

10    WHEREAS, Defendants Jimmy S. M. Lee, Kong Yeu Han, Gary L. Fischer, Paul Jei-Zen

11    Song, Michael D. McDonald, Thomas C. Endicott,[1] Thomas C. Doczy, Ping K. Ko, Lip-Bu Tan,

12    Hide L. Tanigami, Bruce A. Wooley, and Nominal Defendant ISSI (together "Defendants") take no

13    position regarding the appointment of Lead and Liaison Counsel for Plaintiffs;

14    NOW, THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs and

15    Defendants as follows:

16    1.    NOW, THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs

17    and Defendants as follows:

18    **UNITED STATES DISTRICT COURT**

19    **NORTHERN DISTRICT OF CALIFORNIA**

20    **- SAN JOSE DIVISION -**

21    In re INTEGRATED SILICON SOLUTION,       )    Master File No. C-06-04387 RMW
     INC. SHAREHOLDER DERIVATIVE             )
22    LITIGATION,                            )    **SHAREHOLDER DERIVATIVE**
                                            )    **ACTION**
23    _____       )
                                            )
24    This Document Relates To:             )
                                            )
25    _____       )

26

27    _____
     [1] Defendant Thomas C. Endicott ("Endicott") is deceased. Defendants' Counsel has advised
     Plaintiffs' proposed Lead Counsel of this fact, and Plaintiffs' proposed Lead Counsel has agreed to
28    remove Mr. Endicott from the consolidated complaint and any subsequent papers filed with the
     Court.

     STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD       2
     AND LIAISON COUNSEL FOR PLAINTIFFS
     48366

1       2.      Each and every putative shareholder derivative action filed in, or transferred to, this

2    Court that involves questions of law or fact similar to those contained in the Consolidated Action

3    shall constitute a case related to the Consolidated Action ("Related Action" or the "Related

4    Actions").

5       3.      Each Related Action shall be governed by the terms of this Order and shall be

6    consolidated for all purposes with the Consolidated Action.

7       4.      A party to any Related Action may move for relief from the terms of this Order only

8    if such motion is filed with the Court and served upon Plaintiffs' Lead Counsel (as defined herein)

9    and counsel for the Defendants within thirty (30) days of the mailing of this Order to counsel for

10    such party. A party to a Related Action shall be entitled to relief from the terms of this Order only

11    if the party's motion demonstrates that the Related Action does not involve questions of law or fact

12    similar to those contained in the Consolidated Action.

13       5.      All papers previously filed and served to date in any of the cases consolidated herein

14    are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

15       6.      Prosecution of the Consolidated Action and each Related Action on behalf of

16    Plaintiffs shall be managed and directed by Plaintiffs' Lead Counsel SCHIFFRIN &

17    BARROWAY, LLP. All specific assignments to perform tasks in the Consolidated Action shall be

18    appointed by Plaintiffs' Lead Counsel in such a manner as to lead to the orderly and efficient

19    prosecution of the Consolidated Action and each Related Action and to avoid duplicative or

20    unproductive effort and unnecessary burdens on the parties.

21       7.      BRAMSON, PLUTZIK, MAHLER, & BIRKHAEUSER, LLP shall serve as

22    Plaintiffs' Liaison Counsel and is authorized to receive orders, notices, correspondence, and

23    telephone calls from the Court on behalf of all Plaintiffs and shall be responsible for the

24    preparation and transmission of copies of such orders, notices, correspondence, and memoranda of

25    such telephone calls to Plaintiffs' counsel.

26       8.      Defendants are not required to respond to the complaints currently on file, or to any

27    complaint in any action consolidated into this action, other than the consolidated complaint or a

28    complaint designated as the operative complaint by Lead Plaintiffs' Counsel.

1      9.    By executing this Stipulation, the parties have not waived and expressly retain all

2  rights, claims, defenses, and arguments whether procedural, substantive or otherwise, and this

3  Order is entered without prejudice to the rights of any party to apply for a modification of this

4  Order for good cause.

5      10.   Defendants' counsel may rely upon all agreements made with any of Plaintiffs'

6  Proposed Lead Counsel or Proposed Liaison Counsel or other duly authorized representative of

7  Plaintiffs' Lead Counsel and such agreements shall be binding on Plaintiffs.

8      11.   Defendants' counsel shall appear for and accept service on behalf of all Defendants

9  not already served without waiving any jurisdictional objections or defenses.

10      12.   A consolidated complaint shall be served and filed within sixty (60) days after the

11  entry and service of this Court's Order consolidating the actions.

12      13.   Defendants' time to respond to the consolidated complaint, whether by pleading,

13  motion or otherwise, shall be no earlier than forty-five (45) days following the service of the

14  consolidated complaint on Defendants.

15      14.   Plaintiffs' opposition to any motion filed in response to the consolidated complaint

16  by Defendants shall be filed no later than thirty (30) days thereafter.

17      15.   Defendants' reply papers, if any, shall be filed no later than thirty (30) days after

18  Plaintiff's opposition.

19      16.   Other than those documents served pursuant to the Court's Electronic Case

20  Filing ("ECF") Program (i.e., "e-filing"), the parties shall serve all non-ECF papers on each other

21  by hand, by overnight delivery, or facsimile, unless otherwise agreed upon by the parties.

22  Notwithstanding the foregoing, Defendants may serve Plaintiffs' counsel, other than Lead

23  Plaintiffs' Counsel, by e-filing or first class mail, unless otherwise agreed upon by the parties.

24  **SO STIPULATED.**

25  DATED: August 16, 2006          BRAMSON, PLUTZIK, MAHLER &

26                        BIRKHAEUSER, LLP

27                     By_____/s/ Alan R. Plutzik_____

28                            Alan R. Plutzik

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan R. Plutzik (Bar No. 077785)
Kathryn A. Schofield (Bar No. 202939)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

*Proposed Liaison Counsel for Plaintiffs*

SCHIFFRIN & BARROWAY, LLP

By:_____ /s/ Sandra G. Smith _____
Eric L. Zagar
Sandra G. Smith
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Plaintiffs and Proposed Lead Counsel for Plaintiffs*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: ___/s/ Nicole M. Healy _____
        Nicole M. Healy

JEROME F. BIRN, JR., State Bar No. 128561
LLOYD WINAWER, State Bar No. 157823
NICOLE M. HEALY, State Bar No. 157417
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Counsel for Defendants*

/      /      /

/      /      /

/      /      /

/      /      /

/      /      /

/      /      /

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD
AND LIAISON COUNSEL FOR PLAINTIFFS
48366

5

1

## ATTESTATION PURSUANT TO GENERAL ORDER 45

2      I, Alan R. Plutzik, attest that concurrence in the filing of this document has been obtained

3    from each of the other signatories.  I declare under penalty of perjury under the laws of the United

4    States of America that the foregoing is true and correct.  Executed this 16th day of August, 2006 at

5    Walnut Creek, California.

6

7                                          /s/  Alan R. Plutzik
                                        Alan R. Plutzik
8

9

10    **SO ORDERED.**

11

12      Dated: _____           _____

13                                         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT F

1   BORNSTEIN & BORNSTEIN
2   Jonathan Herschel Bornstein (SBN 163392)
    2590 Geary Boulevard
3   San Francisco, CA 94115-3318
    Telephone:    (415) 409-7611
4   Facsimile:    (415) 409-9345

5
    DANZIGER SHAPIRO & LEAVITT, PC
6   Douglas M. Leavitt
7   2101 Pine Street, Third Floor
    Philadelphia, PA 19103
8   Telephone:    (215) 545-4830
    Facsimile:    (215) 545-6710
9

10  SCHIFFRIN & BARROWAY, LLP
    Eric L. Zagar
11  280 King of Prussia Road
12  Radnor, PA 19087
    Telephone: (610) 667-7706
13  Facsimile: (610) 667-7056

14  Attorneys for Plaintiffs

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17              - SAN FRANCISCO DIVISION -

18

19  DAVID EISENBERG, Derivatively on Behalf of )   Case Number: C-06-3290 MMC
20  Nominal Defendant  LINEAR  TECHNOLOGY )
    CORPORATION,                               )   STIPULATION      AND       ORDER
21                                             )   CONSOLIDATING    ACTIONS    AND
                                               )   APPOINTING   LEAD   AND   LIAISON
22              Plaintiffs,                     )   COUNSEL FOR PLAINTIFFS.
                                               )
23       v.                                    )
                                               )
24  PAUL COGHLAN, CLIVE B. DAVIES, ROBERT )
25  C. DOBKIN, DAVID S. LEE, LOTHAR MAIER, )
    LEO T. MCCARTHY, RICHARD M. MOLEY, )
26  ROBERT H. SWANSON, JR., and THOMAS S. )
    VOLPE,                                     )
27                                             )
28              Defendants,                     )
                                               )
29       and                                    )
    _____)

-1-

| | | |
|---|---|---|
| 1 | | ) |
| 2 | LINEAR TECHNOLOGY CORPORATION, | ) |
| 3 | Nominal Defendant. | ) |
| 4 | | ) |
| 5 | LABERTA LYLE, Derivatively on Behalf of | ) Case Number: C-06-3291 TEH |
| 6 | Nominal Defendant LINEAR TECHNOLOGY CORPORATION, | ) |
| 7 | | ) |
| 8 | Plaintiffs, | ) |
| 9 | v. | ) |
| 10 | PAUL COGHLAN, CLIVE B. DAVIES, ROBERT | ) |
| 11 | C. DOBKIN, DAVID S. LEE, LOTHAR MAIER, LEO T. MCCARTHY, RICHARD M. MOLEY, | ) |
| 12 | ROBERT H. SWANSON, JR., and THOMAS S. VOLPE, | ) |
| 13 | | ) |
| 14 | Defendants, | ) |
| 15 | and | ) |
| 16 | LINEAR TECHNOLOGY CORPORATION, | ) |
| 17 | Nominal Defendant. | ) |
| 18 | | ) |

19

20      WHEREAS, both of the above-captioned actions are shareholder derivative actions brought

21  against members of the Board of Directors and certain executive officers of Linear Technology

22  Corporation ("Linear" or the "Company") purportedly on behalf of nominal defendant Linear; and

23

24      WHEREAS, both of the above-captioned actions involve common questions of law and fact

25  concerning the defendants' alleged breaches of fiduciary duties, statutory violations, and other

26  violations of law; and

27

28      WHEREAS, both of the above-captioned actions name the same or substantially similar

29  defendants, contain the same or substantially similar factual allegations, assert the same or substantially

-2-

Stipulation and [Proposed] Order Consolidating Actions and Appointing Lead and Liaison Counsel for Plaintiffs

1    similar causes of action, and seek the same or substantially similar relief; and

2    WHEREAS, the parties agree that the above-captioned actions should be consolidated; and

3
4    WHEREAS, defendants Paul Coghlan, Clive B. Davies, Robert C. Dobkin, David S. Lee, Lothar

5    Maier, Leo T. McCarthy, Richard M. Moley, Robert H. Swanson, Jr., and Thomas S. Volpe, and

6    nominal defendant Linear take no position regarding the appointment of Lead and Liaison Counsel for

7    Plaintiffs;

8
9    NOW, THEREFORE, it is hereby stipulated by and between plaintiffs David Eisenberg and

10   Laberta Lyle; defendants Paul Coghlan, Clive B. Davies, Robert C. Dobkin, David S. Lee, Lothar Maier,

11   Leo T. McCarthy, Richard M. Moley, Robert H. Swanson, Jr., and Thomas S. Volpe, and nominal

12   defendant Linear, as follows:

13
14   1.    The above-captioned actions and any other shareholder derivative action on behalf of

15   Linear filed in or transferred to this Court that involves questions of law or fact similar to those

16   contained in the above-captioned actions are consolidated for all purposes under the following caption

17   (the "Consolidated Action"):

18

19   ┌─────────────────────────────┐
     │ IN RE LINEAR TECHNOLOGY     )    Case No. C-06-3290 MMC
20   │ CORPORATION DERIVATIVE      )
     │ LITIGATION                  )
21   │                             )
     └─────────────────────────────┘
22

23   2.    Each and every putative action filed in, or transferred to, this Court that involves

24   questions of law or fact similar to those contained in the Consolidated Action shall constitute a case

25   related to the Consolidated Action ("Related Action" or the "Related Actions").

26
27   3.    Each Related Action shall be governed by the terms of this Order and shall be

28   consolidated for all purposes with the Consolidated Action.

29

-3-

4. A party to any Related Action may move for relief from the terms of this Order only if such motion is filed with the Court and served upon Plaintiffs' Lead Counsel (as defined herein) and counsel for the defendants within thirty (30) days of the mailing of this Order to counsel for such party. A party to a Related Action shall be entitled to relief from the terms of this Order only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Consolidated Action.

5. All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

6. Prosecution of the Consolidated Action and each Related Action on behalf of plaintiffs shall be managed and directed by Plaintiffs' Lead Counsel SCHIFFRIN & BARROWAY, LLP. All specific assignments to perform tasks in the Consolidated Action shall be appointed by Plaintiffs' Lead Counsel in such a manner as to lead to the orderly and efficient prosecution of the Consolidated Action and each Related Action and to avoid duplicative or unproductive effort and unnecessary burdens on the parties.

7. BORNSTEIN & BORNSTEIN shall serve as Plaintiffs' Liaison Counsel and is authorized to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs and shall be responsible for the preparation and transmission of copies of such orders, notices, correspondence, and memoranda of such telephone calls to plaintiffs' counsel.

8. Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint or a complaint designated as the operative complaint by Lead Plaintiff's Counsel.

9. Within thirty (30) days after filing the order designating the Lead Plaintiff, unless otherwise agreed upon by the parties or ordered by the Court, Lead Plaintiff's Counsel shall file a consolidated complaint or file a designation of a complaint as the operative complaint. The

-4-

1  consolidated complaint or complaint designated as the operative complaint shall supersede all

2  complaints filed in any of the actions consolidated therein.

3

4      10.    The time for all defendants to respond is extended until forty-five (45) days after the

5  later of (a) the filing of the consolidated complaint; or (b) the filing designating a complaint as the

6  operative complaint, following the appointment of a Lead Plaintiff and Lead Plaintiff's Counsel, unless

7  otherwise agreed upon by the parties and approved by the Court. If defendants file any motions

8  directed at the complaint, the opposition brief shall be filed within thirty (30) days of that response,

9

10  and the reply brief shall be filed thirty (30) days thereafter, unless otherwise agreed upon by the parties

11  and approved by the Court.

12      11.    Other than those documents served pursuant to the court's Electronic Case Filing (ECF)

13  Program (i.e. "E-filing"), the parties shall serve all non-ECF papers on each other by hand, by

14

15  overnight delivery, or facsimile, unless otherwise agreed upon by the parties. Notwithstanding the

16  foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by E-filing or

17  first class mail, unless otherwise agreed upon by the parties.

18

19      **SO STIPULATED.**

20      Dated: May 31, 2006           BORNSTEIN & BORNSTEIN

21

22                                    _____*/JHB/*_____

23                                    Jonathan Herschel Bornstein (SBN 163392)

24                                    BORNSTEIN & BORNSTEIN
                                      2590 Geary Boulevard
25                                    San Francisco, CA  94115-3318
                                      Telephone: (415) 409-7611
26                                    Facsimile: (415) 409-9345

27                                    *Attorneys for Plaintiffs David Eisenberg*
28                                    *and Laberta Lyle*

29

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18    Dated: May 31, 2006

19

20

21

22

23

24

25

26

27

28

29

DANZIGER SHAPIRO & LEAVITT, PC


_____/s/_____
Douglas M. Leavitt
150 S. Independence Mall West, Suite 1050
Sixth and Chestnut Streets
Philadelphia, PA 19106
Telephone: (215) 545-4830
Facsimile: (215) 545-6710

*Attorneys for Plaintiff David Eisenberg*


SCHIFFRIN & BARROWAY, LLP


_____/s/_____
Eric L. Zagar
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff Laberta Lyle*


WILSON SONSINI GOODRICH & ROSATI


_____/s/_____
Bahram Seyedin-Noor
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 565-3566
Facsimile: (650) 493-6811

*Attorneys for Defendants Paul Coghlan, Clive B. Davies, Robert C. Dobkin, David S. Lee, Lothar Maier, Leo T. McCarthy, Richard M. Moley, Robert H. Swanson, Jr., and Thomas S. Volpe, and Nominal Defendant Linear Technology Corporation*

-6-

1

**SO ORDERED.**

2

3

4

5     Dated: June 13, 2006

_Marine M. Chesney_

United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

Stipulation and [Proposed] Order Consolidating Actions and Appointing Lead and Liaison Counsel for Plaintiffs

# EXHIBIT G

1    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
     Alan R. Plutzik (Bar No. 077785)
2    L. Timothy Fisher (Bar No. 191626)
     Kathryn A. Schofield (Bar No. 202939)
3    2125 Oak Grove Road, Suite 120
     Walnut Creek, California  94598
4    Telephone: (925) 945-0200
     Facsimile: (925) 945-8792
5

6    SCHIFFRIN & BARROWAY LLP
     Eric L. Zagar
     Sandra G. Smith
7    280 King of Prussia Road
     Radnor, PA  19087
8    Telephone:  (610) 667-7706
     Facsimile:  (610) 667-7706
9

   Attorneys for Plaintiff
10

11             UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13              SAN JOSE DIVISION

14    In re SIGMA DESIGNS, INC. DERIVATIVE      Case No. C06-04460 RMW
     LITIGATION
15                               **STIPULATION AND [PROPOSED]**
                               **ORDER REGARDING**
16    This Document Relates To:              **APPOINTMENT OF LEAD**
                               **PLIANTIFFS, LEAD COUNSEL AND**
17    ALL ACTIONS                        **LIAISON COUNSEL**

18

19

20

21

22

23

24

25

26

27

28

1          WHEREAS, on October 18, 2006, this Court ordered the consolidation under the above

2   caption of two related shareholder derivative actions and set a schedule for filing a consolidated

3   complaint;

4          WHEREAS, the parties have met and conferred, and agree that in order to facilitate

5   efficiency in the prosecution of this consolidated action, it is appropriate to appoint Lead Plaintiffs,

6   Lead Counsel and Liaison Counsel.

7          IT IS STIPULATED AND AGREED by Plaintiffs and Defendants, through their respective

8   counsel of record, as follows:

9          1.     Plaintiffs Joel Mandel and Robert Carlson shall be appointed Lead Plaintiffs.

10         2.     The law firm Schiffrin & Barroway, LLP shall be appointed Lead Counsel for

11   Plaintiffs in the consolidated action.

12         3.     Lead Counsel shall have authority to speak for Plaintiffs in matters regarding

13   pretrial and trial procedure and settlement negotiations, and shall make all work assignments in

14   such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid

15   duplicative or unproductive effort.

16         4.     Lead Counsel shall be responsible for coordination of all activities and appearances

17   on behalf of Plaintiffs and for the dissemination of notices and orders of this Court.  No motion,

18   request for discovery or other pretrial proceedings shall be initiated or filed by Plaintiffs except

19   through Lead Counsel.

20         5.     Lead Counsel shall also be available and responsible for communications to and

21   from this Court.  Lead Counsel shall be responsible for the creation and maintenance of a master

22   service list of all parties and their respective counsel.

23         6.     The law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP shall be appointed as

24   Liaison Counsel and is authorized to receive orders, notices, correspondence, and telephone calls

25   from the Court on behalf of all Plaintiffs and shall be responsible for the preparation and

26   transmission of copies of such orders, notices, correspondence, and memoranda of such telephone

27   calls to Plaintiffs' counsel.

28

STIPULATION AND [PROPOSED] ORDER REGARDING APPOINTMENT OF LEAD PLIANTIFFS, LEAD COUNSEL
AND LIAISON COUNSEL
CASE NO. C06-04460 RMW
49194                                                                                                      1

1        7.    Defendants' counsel may rely upon all agreements made with Lead Counsel and

2    Liaison Counsel or other duly authorized representatives of Plaintiffs and such agreements shall be

3    binding on Plaintiffs.

4        I, Kathryn A. Schofield, am the ECF User whose identification and password are being

5    used to file this Stipulation in compliance with General Order 45XB, hereby attest that the

6    signatories have concurred in this filing.

7    Dated: November 2, 2006        BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

8

9

10                                       Kathryn A. Schofield

11                            Alan R. Plutzik
                              L. Timothy Fisher

12                            Kathryn A. Schofield
                              2125 Oak Grove Road, Suite 120

13                            Walnut Creek, California  94598
                              Telephone: (925) 945-0200

14                            Facsimile: (925) 945-87923

15                            *[Proposed]  Liaison Counsel for Plaintiffs*

16   Dated: November 2, 2006        SCHIFFRIN & BARROWAY LLP

17

18                                 /s/

19                                     Sandra G. Smith

20                            Eric L. Zagar
                              Sandra G. Smith

21                            280 King of Prussia Road
                              Radnor, PA  190878

22                            Telephone: (610) 667-7706
                              Facsimile: (610) 667-7056

23                            *[Proposed] Lead Counsel for Plaintiffs*

24

25   Dated: November 2, 2006        WILSON SONSINI GOODRICH & ROSATI

26

27                                 /s/
                                       Peri Nielsen

28                            Peri Nielsen

STIPULATION AND [PROPOSED] ORDER REGARDING APPOINTMENT OF LEAD PLIANTIFFS, LEAD
COUNSEL AND LIAISON COUNSEL
CASE NO. C06-04460 RMW
49194

2

650 Page Mill Road
Palo Alto CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Counsel for Defendants*
\* \* \*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER REGARDING APPOINTMENT OF LEAD PLIANTIFFS, LEAD
COUNSEL AND LIAISON COUNSEL
CASE NO. C06-04460 RMW
49194

3

# EXHIBIT H

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY QUACO, Derivatively on Behalf of
POWER INTEGRATIONS, INC.,

      Plaintiff,

    v.

BALU BALAKRISHNAN, et al.,

      Defendants,

    and

POWER INTEGRATIONS, INC.,

      Nominal Defendant.

No. C 06-2811 MHP

KATHRYN L. CHAMPLIN, Derivatively on Behalf
of POWER INTEGRATIONS, INC.,

      Plaintiff,

    v.

BALU BALAKRISHNAN, et al.,

      Defendants,

    and

POWER INTEGRATIONS, INC.,

      Nominal Defendant.

No. C 06-4672 JF

1

2     CHRISTOPHER DEBOSKEY, Derivatively on Behalf
      of POWER INTEGRATIONS, INC.,                                   No. C 06-5796 HRL
3
                    Plaintiff,
4
            v.
5
      BALU BALAKRISHNAN, et al.,
6                                                                    **MEMORANDUM & ORDER**
                    Defendants,                                      **Motions to Consolidate and Appoint**
7                                                                    **Lead Plaintiff, Lead Counsel and**
            and                                                      **Liaison Counsel**
8
      POWER INTEGRATIONS, INC.,
9
                    Nominal Defendant.
10                                                           /

11          Three shareholder derivative suits have been filed by shareholders of Power Integrations, Inc.

12   ("Power Integrations") against various directors and officers of Power Integrations. The first suit

13   was filed by plaintiff Kimberly Quaco, the second by plaintiff Kathryn Champlin, and the third by

14   plaintiff Christopher Deboskey. The three suits have been previously coordinated before this court.

15   All three plaintiffs have moved to consolidate the three cases and appoint lead plaintiff and lead

16   counsel. On November 6, 2006, a hearing was held on the motions to consolidate and appoint lead

17   plaintiff and lead counsel. At that hearing, counsel for the three plaintiffs were ordered to submit a

18   declaration of each named plaintiff within fifteen days of the hearing, as the court had inadequate

19   information to determine which plaintiff was most suitable to be appointed lead plaintiff. These

20   declarations were due on November 21, 2006. In accordance with the court's ruling at the

21   December 18, 2006 case management conference, it rules as follows.

22          As no declaration has been timely filed by plaintiff Deboskey, the court is left knowing next

23   to nothing about his suitability as a plaintiff. As of November 21, 2006 no declaration was received

24   from plaintiff Deboskey. No declaration was received from plaintiff Champlin, and on November

25   30, 2006, she withdrew her motion to be appointed lead plaintiff. A signed declaration was timely

26   received from plaintiff Quaco, describing her relationship with her counsel, her holdings of Power

27   Integrations stock, and her interest in this lawsuit.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1    In her declaration plaintiff Quaco admits to owning "a modest amount of Power stock": two

2   shares. Quaco Dec. ¶ 4. This limited interest is insufficient for appointment of a lead plaintiff.

3   However, Quaco has submitted an additional declaration of another shareholder, Geoffrey Wren,

4   who currently owns 1,642 Power shares and has held an ownership interest in Power since 1998.

5   Wren Dec. ¶ 4. Based on his declaration, Wren appears to be a suitable lead plaintiff.

6   Accordingly, the court grants Quaco leave to substitute Wren as a plaintiff and simultaneously

7   grants Quaco's motion for appointment of Wren as lead plaintiff. The court also appoints Schiffren

8   and Barroway, who represent both Quaco and Wren, as lead counsel.

9    Plaintiff Quaco's motion to consolidate the three cases is GRANTED. The court GRANTS

10  plaintiff Quaco leave to add Wren as lead plaintiff, and accordingly, and plaintiff Quaco's motion to

11  appoint lead plaintiff and lead counsel is GRANTED IN PART. Plaintiff Deboskey's motion to

12  consolidate is GRANTED and plaintiff Deboskey's motion to appoint lead plaintiff and lead counsel

13  is DENIED.

14

15    IT IS SO ORDERED.

16

17  Date:

18                                      _____
                                        MARILYN HALL PATEL
19                                      District Judge
                                        United States District Court
20                                      Northern District of California

21

22

23

24

25

26

27

28

3