**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94589
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

   -and-

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RALPH D. WILDER, Derivatively on Behalf of SONIC SOLUTIONS, INC. <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, <br><br> Defendants, <br><br> and <br><br> SONIC SOLUTIONS, INC. <br><br> Nominal Defendant. | Case No. C 07-01500 CW <br><br> **REPLY IN SUPPORT OF PLAINTIFFS ANDREW WALTER AND JAMES FORSETH'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL** <br><br> Date: August 2, 2007 <br> Time: 2:00 p.m. <br> Before: Hon. Claudia Wilken |

| | | |
|---|---|---|
| 1 | ANDREW WALTER, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS, | ) ) ) Case No. C 07-02344 CW |
| 2 | | ) |
| 3 | Plaintiff, v. | ) ) ) |
| 4 | ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, | ) ) ) ) ) ) ) ) |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | Defendants, | ) ) |
| 9 | and | ) ) |
| 10 | SONIC SOLUTIONS, | ) ) |
| 11 | Nominal Defendant. | ) ) ) |
| 12 | | |
| 13 | JAMES FORSETH, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS, | ) ) ) Case No. C 07-03178 CW |
| 14 | | ) |
| 15 | Plaintiff, v. | ) ) ) |
| 16 | ROBERT J. DORIS, MARY C. SAUER, JAMES A. MOORER, MICHAEL C. CHILD, ROBERT M. GREBER, PETER J. MARGUGLIO, R. WARREN LANGLEY, A. CLAY LEIGHTON, KIRK PAULSEN, MICHAEL J. COSTELLO and CHRISTOPHER A. KRYZAN, | ) ) ) ) ) ) ) ) |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Defendants, | ) ) |
| 21 | and | ) ) |
| 22 | SONIC SOLUTIONS, | ) ) |
| 23 | Nominal Defendant. | ) ) ) |

REPLY IN SUPPORT OF PLAINTIFFS ANDREW WALTER AND JAMES FORSETH'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF SAMMY K. DOOLITTLE AND RALPH D. WILDER CASE NO C 07-01500 CW

2

| | |
|---|---|
| SAMMY K. DOOLITTLE, Derivatively on Behalf of Nominal Defendant SONIC SOLUTIONS,<br>      Plaintiff,<br> v.<br>ROBERT J. DORIS, DAVID C. HABIGER, MARY C. SAUER, A. CLAY LEIGHTON, MARK ELY, ROBERT M. GREBER, PETER J. MARGUGLIO, and R. WARREN LANGLEY,<br>      Defendants,<br> and<br>SONIC SOLUTIONS,<br>      Nominal Defendant. | Case No. C 07-03361 BZ |

Derivative plaintiffs Andrew Walter ("Walter") and James Forseth ("Forseth") respectfully submit this reply memorandum of law in further support of their motion to consolidate the related actions and appoint themselves as Lead Plaintiffs and approve their selection of Lead Counsel (the "Motion"), and in reply to the opposition filed by plaintiffs Sammy K. Doolittle ("Doolittle") and Ralph D. Wilder ("Wilder").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

There are currently four derivative actions brought on behalf of Nominal Defendant Sonic Solutions, Inc. ("Sonic" or the "Company"), all of which arise from the same or substantially the same facts and involve the same or substantially the same defendants. Within a few weeks of one another, plaintiffs Walter and Wilder filed complaints on behalf of Sonic, and shortly thereafter plaintiffs Forseth and Doolittle filed similar complaints on behalf of Sonic. The majority of the causes of action in the competing movants' complaints arise out of defendants' conduct of authorizing the backdating of stock option grants to Sonic's top executives at the expense of Sonic and its shareholders. However, Forseth's complaint also includes a unique allegation pursuant to California Corporations Code § 600(c) for the Company's Board of Directors' failure to hold a statutorily required shareholder meeting within the requisite time period, which is not found in Doolittle's or Wilder's complaints. *See* Opposition to Sammy K. Doolittle and Ralph D. Wilder's Motion, Case 4:07-cv-02344-CW, Document 26, at 5-6 (hereinafter, "Opp.").

The Motion filed by Plaintiffs Walter and Forseth for consolidation of the cases, appointment as Lead Plaintiffs, and for approval of their selection of Lead Counsel, was noticed for hearing on August 2, 2007.[1] Under Local Rule 7-3(a), and under a Notice and Amended

---

[1] On June 28, 2007 and again on July 3, 2007, plaintiffs Doolittle and Wilder filed a motion of their own to consolidate the related actions, appoint *themselves* Lead Plaintiffs and approve their selection of Lead Counsel, the hearing for which was also noticed for August 2, 2007. Plaintiffs Walter and Forseth timely opposed the Doolittle/Wilder motion on July 12,

REPLY IN SUPPORT OF PLAINTIFS ANDREW WALTER AND JAMES FORSETH'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF SAMMY K. DOOLITTLE AND RALPH D. WILDER CASE NO C 07-01500 CW

4

Notice issued by the Clerk of the Court on June 13, 2007, plaintiffs Doolittle's and Wilder's opposition to the Motion was due on July 12, 2007. However, Plaintiffs Doolittle and Wilder failed to file a timely opposition; rather, they filed a late opposition on July 17, 2007. This late opposition should be stricken; thus, Doolittle and Wilder have waived their opposition to plaintiffs Walter's and Forseth's Motion. As the Motion is unopposed, Plaintiffs Walter and Forseth renew their request that the Court appoint them as Lead Plaintiffs and their selected counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel. Regardless, should the Court accept Doolittle's and Wilder's tardy opposition, Walter's and Forseth's Motion should nevertheless be granted.

## II.   BACKGROUND

On May 10, 2007, plaintiff Walter filed a motion to consolidate the case of *Walter v. Doris et al*, No. C-07-2344-MEJ (the "*Walter* Action") – with the related case of *Wilder v. Doris et al.,* No. C-07-1500-MEJ (the "*Wilder* Action), and to seek appointment as Lead Plaintiff and approval of his counsel, Schiffrin Barroway, as Lead Counsel (the "Initial Motion"). Walter noticed the Initial Motion for hearing before Magistrate Judge Maria-Elena James, to whom both actions were assigned, on July 21, 2007. Following Defendants' declination to proceed before the Magistrate Judge, the cases were reassigned to this Court, and Walter's hearing on the Initial Motion was re-noticed for August 2, 2007. On July 10, 2007, plaintiffs Walter and Forseth amended their moving papers to include the recently related actions filed by Forseth and Doolittle in the consolidation, but did not change the substantive relief sought in the Initial Motion. Moreover, the amended motion did not change the hearing date, which remained set for August 2, 2007.

Under Northern District Local Rule 7-3(a), and under the Notice and Amended Notice issued by the Clerk of the Court on June 13, 2007, Doolittle and Wilder were required to file an opposition to Walter's and Forseth's Motion on or before July 12, 2007. However, they did not

2007.

REPLY IN SUPPORT OF PLAINTIFS ANDREW WALTER AND JAMES FORSETH'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF SAMMY K. DOOLITTLE AND RALPH D. WILDER CASE NO C 07-01500 CW

5

1  meet that deadline. Instead, Doolittle and Wilder eventually filed their opposition on July 17,
2  2007, just two days prior to Walter's and Forseth's required reply date, and less than the twenty-
3  one (21) days prior to the hearing on the Motion that the Local Rules require.

## II. ARGUMENT

Doolittle's and Wilder's failure to timely respond to the Motion constitutes a waiver. As such, the Court should grant Walter's and Forseth's motion to consolidate the cases, appoint them as Lead Plaintiffs and Schiffrin Barroway as Lead Counsel. Moreover, plaintiffs Doolittle's and Wilder's failure to timely respond to Walter's and Forseth's Motion demonstrates a lack of vigor in the prosecution of this action against Defendants, thereby bolstering Walter's and Forseth's Motion for their appointment as Lead Plaintiffs, and Schiffrin Barroway as Lead Counsel. Moreover, Walter's and Forseth's unique allegation regarding Sonic's failure to hold an annual shareholder meeting demonstrates the superiority of their pleadings and their dedication to vigorously prosecute defendants for *all* violations of law that have caused injury to Sonic and its shareholders.

In light of the foregoing, Walter and Forseth respectfully request that this Court appoint them as sole Lead Plaintiffs and Schiffrin Barroway as sole Lead Counsel. Walter's and Forseth's pleadings are superior to those of Doolittle and Wilder, and Schiffrin Barroway is well-versed in prosecuting derivative actions in California and throughout the country. *See* Motion at 5-7. Furthermore, Schiffrin Barroway has established itself as a leader in prosecuting options backdating cases, seeking not only to hold the directors and officers responsible for their past misconduct, but also to ensure that proper corporate governance reform is instituted so that these practices are finally eliminated. *See id.*

Moreover, though counsel for Doolittle and Wilder suggests that their San Francisco-based counsel are best positioned to lead this action simply because of their location, such a suggestion ignores the numerous successful results Schiffrin Barroway has achieved in prosecuting derivative, securities fraud and corporate fiduciary-related litigation in California

and throughout the country. Regardless, even if the Court were to countenance Doolittle's and Wilder's "California Counsel" argument – which it should not – Lerach Coughlin has no advantage over Schiffrin Barroway, which opened an office in Northern California in January 2007. *See* Opp. at 6. Thus, for all the foregoing reasons, this Court should grant Walter's and Forseth's motion to consolidate the related actions, appoint themselves as Lead Plaintiffs and appoint Schiffrin Barroway as Lead Counsel.

Dated: July 19, 2007

Respectfully Submitted,

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**

/s/ Alan R. Plutzik
Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Eric L. Zagar
Robin Winchester
Nichole Browning
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs Andrew Walter and James Forseth and [Proposed] Lead Counsel*

REPLY IN SUPPORT OF PLAINTIFS ANDREW WALTER AND JAMES FORSETH'S MOTION TO CONSOLIDATE CASES AND TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL, AND IN OPPOSITION TO THE MOTION OF SAMMY K. DOOLITTLE AND RALPH D. WILDER CASE NO C 07-01500 CW

7